Lang vs. Sanger and others.

Lang, Respondent, vs. Sanger and others, Appellants.

*February 1 — February 25, 1890.*

*Master and servant: Injury from defective machinery: Evidence.*

In an action for injuries sustained by reason of defective machinery, evidence on behalf of the plaintiff that the defects complained of were repaired after the accident, is inadmissible.

| 76 | 71 |
| 87 | 202 |
| 76 | 71 |
| 110 | 650 |

APPEAL from the Circuit Court for *Milwaukee* County. The facts are stated in the opinion. The defendants appeal from a judgment in favor of the plaintiff.

For the appellants there was a brief by *Winkler, Flan-*

*ders, Smith, Bottum & Vilas,* and oral argument by *J. G. Flanders.*

For the respondent there was a brief by *E. P. Smith* and *Rogers & Mann,* and oral argument by *Mr. Smith.*

ORTON, J. The plaintiff, about twenty-four years of age, was a sawyer of about six years' experience. The defendants owned and operated a planing-mill, and sash, door, and blind factory, in the city of Milwaukee. In the fall of 1885 the plaintiff was employed in said factory as a sawyer at a table in which was set a circular or rip-saw, and it was his business to push the boards or lumber against the saw, to be cut or ripped in proper width. On the occasion of the accident he stood in a somewhat confined gangway, at the end of the table, and was pushing a board against the saw to make a straight edge on one side of it, and his foot caught against a knot in the floor, as one of his hands came near the saw, and he pitched forward so as to bring it in contact with the teeth of the saw, and his thumb and forefinger were cut off at about the first joint, and this action is brought to recover damages for such injury. The ground of the action is the negligence of the defendants in not repairing the floor of the gangway, which had become so worn and uneven, with knots projecting above the surface, as to be a dangerous place for the plaintiff to stand while doing such work, and in not repairing the guard over the saw, designed to protect the hands from coming in contact with it while doing such work, which had become loose and had to be propped up too high above the saw to afford such protection. The plaintiff alleged, and introduced evidence tending to prove, that such defects had long existed, and that the defendants had neglected to repair the same after his repeated requests that they should do so, and after their repeated promises to do so, and that he continued in such dangerous employment, relying upon said promises. The

defendants introduced evidence tending to show that such defects did not exist at the time, and were not the cause, of the accident, and that a short time before the accident such defects, if they ever existed, had been repaired, and that in the month of January, 1886, they suspended the operation of their works for several days for the repair of all such defects. The jury rendered a verdict in favor of the plaintiff of $5,000. The special findings are not material to the question on which the case will be decided. The questions raised on the merits of the case and the amount of the verdict, and on the charge of the court, will not be considered on this appeal, as they may not occur on the next trial, and are not deemed very material.

The question on which the judgment will have to be reversed has been so squarely and directly decided by this court that the error is accountable only as an oversight or accident. The circuit court admitted testimony on behalf of the plaintiff, against the objection of the defendants, that the defects complained of *were repaired after the accident.* Herman Klug, a witness produced by the defendants, was asked, on cross-examination: "How many guards did you ever see put on saws in that saw room?" This question was objected to, on the grounds of irrelevancy, incompetency, and immateriality. He answered: "What do you mean? They got guards on all saws now." He was then asked: "Have they put on any more since the accident?" The same objection. He answered: "Yes, sir." He was then asked, "Have they put it on all saws?" and he answered, "On all rip-saws." The witness was then examined, under the same objection, all about the new guards and whether they were put on all the rip-saws. Henry Horning was recalled, as a witness for the plaintiff, to rebut the case made by the defendants, that all of the gangways had been repaired a short time before the accident, and was asked "whether any of the other gangways in that saw-

room were repaired at or right after the accident." The same objection was made. He replied "Yes, sir; there were;" and then said that his gangway, near that of the plaintiff, had been so repaired. The witness was then asked "whether this gangway that *Lang* [plaintiff] worked on was repaired when he went there to look at the board [after the accident]." The same objection was made. The counsel of the plaintiff gave the reason or ground of the question, "that the gangway in which the plaintiff worked was out of order and unrepaired at the time of the accident," etc. The court sustained the objection, "for the reason that *that* was proper evidence in chief, and that evidence in chief was received upon that subject." The witness was then asked whether the gangway that one Thompson worked in had been repaired since the accident, and he answered that it had, under the same objection. While one of the counsel of the plaintiff was making his argument to the jury, he said: "After the accident, it is in evidence that all the saws were covered with caps,— all the rip-saws,— and that was done to protect themselves [defendants] from further lawsuits." The counsel of the defendants objected to the statement. The court thereupon said: "If the court remembers right, caps were placed upon all the rip-saws after the accident. They were not so provided before. The inference Mr. Rogers [counsel of the plaintiff] makes is one he has a right to make in argument," and declined to rule that the argument was objectionable.

The inference or presumption to be derived from this evidence, and the object of it, was to prove, in effect, that both the gangway and the saw-guard were so out of repair at the time of the accident as to be culpable negligence on the part of the defendants, and the court sanctioned such an inference. The rule of evidence so approved is that, if there had been no direct evidence whatever that the gangway and saw-guard were out of repair at the time of the

accident, the fact that the defendants repaired them afterwards was sufficient evidence that they were. To show the fallacy of this rule, it is only necessary to say that the gangway and saw-guard might have been out of repair to an extent only that could not have caused the injury or rendered the defendants liable, and yet may have been afterwards repaired. The defendants were entitled to that inference or presumption, and therefore subject to no other.

In *Castello v. Landwehr*, 28 Wis. 524, the bridge was repaired after the accident, and the circuit court refused to instruct the jury that they might consider that fact as evidence " that it was a needed and proper proceeding to make the bridge *safe* and *secure*." Mr. Justice LYON, in the opinion, makes such an inference still more unreasonable and preposterous by saying: " If the fact admitted of such an inference, then the fact that a person, at a certain time, commences using and exercising *extraordinary* care in a given case, may be used against him to prove that, before such time, he had failed to use *reasonable* and *ordinary* care." It was held that the court did not err in refusing to give such an instruction. In *Morse v. M. & St. L. R. Co.* 30 Minn. 465, the supreme court of that state, after a very careful and considerate review of this rule of evidence, overruled several previous decisions of that court the other way, and held such evidence inadmissible, for the same reason, by saying in substance that a person may have exercised all the care the law requires, and yet may afterwards have made the repairs as a measure of extreme caution. See, also, *Dougan v. Champlain Transp. Co.* 56 N. Y. 1; *Sewell v. Cohoes*, 11 Hun, 626; *Baird v. Daly*, 68 N. Y. 547; *Payne v. T. & B. R. Co.* 9 Hun, 526; *Salters v. D. & H. Canal Co.* 3 Hun, 338; *Dale v. D., L. & W. R. Co.* 73 N. Y. 468.

For this error the judgment will have to be reversed. It may be said of the evidence that other gangways near that of the plaintiff were repaired after the accident, that it was

equally objectionable because it was admitted to rebut the testimony of the defendant's witnesses that they were not out of repair at the time of the accident, but had been repaired a short time before. It may be proper to say, in respect to the damages found by the jury being excessive, that although we might not. have disturbed the verdict for that reason, as being evidence of passion, prejudice, or ignorance, it certainly does appear to be rather high for, and somewhat disproportionate to, such a case.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.