GILL, Administrator, Respondent, vs. HOMRIGHAUSEN, Appellant.

*April 14 — May 5, 1891.*

*Contributory negligence: Liability for injury to employee.*

1. Contributory negligence is purely a matter of defense, and the burden of proving it is upon the defendant, unless it is shown by the testimony on the part of the plaintiff.
2. A judgment for the plaintiff in an action against a building contractor, for an injury causing the death of a common laborer employed by him in tearing down a stone arch, by the falling of a portion of such arch upon him in the immediate presence of the defendant, after it had been weakened by a heavy rain, will be affirmed on appeal, where the evidence sustains the finding that the danger of the falling of such arch was apparent to an experienced mason, but not to a common laborer.

APPEAL from the Circuit Court for *Milwaukee* County. The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record that on and prior to July 15, 1889, the Joseph Schlitz Brewing Company owned a large building constructed of brick and stone, with the basement resting upon large arches built of quarry stone, fastened together with mortar; that some time prior to that date the defendant entered into a contract with said company to tear down all of said building and masonry, and to construct another in its place, and for that purpose the defend-

ant, prior to said date, employed, among other persons, the plaintiff's intestate; that while working under one of said arches, on July 15, 1889, a portion of the same fell on said intestate, greatly injuring him, and from which he died on the same day; that the plaintiff, as administrator, brings this action for damages resulting from said death, which is alleged to have been caused by the negligence of the defendant. The answer denies all negligence, and alleges that the work of tearing down said building and arches was prosecuted with due care and caution, and that said accident happened without any fault or neglect on the part of the defendant, and was due wholly to an unavoidable and unforeseen accident.

At the close of the trial the jury returned a special verdict to the effect (1) that the fragment of the arch which fell upon the plaintiff's intestate and caused his death was in a condition so dangerous as to be apparent to a skillful and experienced mason at the time and immediately before it fell; (2) that said fragment was in such a condition that the danger of its falling was not apparent to a common laborer, not skilled in mason-work; (3) that the defendant was guilty of negligence, which was the immediate cause of said death; (4) that they found for the plaintiff; and (5) that the pecuniary loss of the surviving widow of said intestate, occasioned by his death, was $2,000. Upon said verdict judgment was ordered in favor of the plaintiff, and from the judgment entered thereon accordingly the defendant brings this appeal.

For the appellant there was a brief by *Walker, Brown & Wahl,* and oral argument by *Geo. H. Wahl.* They took the ground that it was for the plaintiff to show that the deceased was not guilty of contributory negligence. *Warner v. N. Y. C. R. Co.* 44 N. Y. 465; *Curren v. Warren C. & M. Co.* 36 id. 153; *Munger v. Tonawanda R. Co.* 4 id. 349; *Hale v. Smith,* 78 id. 480. If the danger was or might with

ordinary diligence have been apparent to him, and he could have avoided it, the respondent was not entitled to judgment. *Berger v. St. P., M. & M. R. Co.* 39 Minn. 78; *Hughes v. Winona & St. P. R. Co.* 27 id. 137; *Veits v. Toledo, A. A. & G. T. R. Co.* 55 Mich. 120; *Clark v. St. P. & S. C. R. Co.* 28 Minn. 128; *Money v. Lower Vein Coal Co.* 55 Iowa, 671; *Gates v. S. Minn. R. Co.* 28 Minn. 110; *Russell v. Minn. & St. L. R. Co.* 32 id. 230; *Mayes v. C., R. I. & P. R. Co.* 63 Iowa, 562.

*J. W. Wegner,* for the respondent.

CASSODAY, J. Counsel for the defendant contends that in order to sustain this judgment the evidence in the record must establish affirmatively (1) that the deceased was free from contributory negligence; (2) that the danger was not apparent to an unskilled laborer of ordinary intelligence; and (3) that the danger was, or ought to have been, apparent to the defendant. These things will now be considered.

It is claimed that it was incumbent upon the plaintiff to prove that the injury was caused wholly by the defendant's negligence; in other words, that he was required to prove that the intestate was free from all contributory negligence. It is the settled law of this state that the burden of proving contributory negligence is ordinarily upon the defendant. It is purely a matter of defense, except when the testimony on the part of the plaintiff discloses such negligence. *Hoye v. C. & N. W. R. Co.* 67 Wis. 15. No such defense was alleged in the answer, nor conclusively proved by the defendant.

It is claimed that there is no evidence in the record to sustain the finding of the jury to the effect that the danger was apparent to a skillful and experienced mason at the time and immediately before the fragment of the arch fell. The accident happened on Monday. There is evidence tending to prove that the arch had been torn down, as far

as it was at the time of the accident, the Friday before, when the work upon it was stopped; that it had been so taken down by setting screws under the keystone, and raising the same, and driving in iron wedges to tear down the pieces; that the portion so remaining hung over about a foot, some seven or eight feet above the ground; that it was so left on Friday, without any braces or supports under the wall or arch; that the defendant saw its condition on that day; that it was so left uncovered, and with nothing to prevent the rain getting between the main wall and that portion of the arch; that there was a thunder-storm on the intervening Sunday, and it rained most all of that day, and also rained on Monday; that it was situated right on Third street, where big heavy teams were going over the pavement all the time; and that the defendant was standing close by at the time the accident happened. He testified that it was apparently safe. Others, skilled in the business, testified that it was apparently dangerous. The testimony is voluminous. It is only necessary to say that, after carefully considering all the evidence, we are forced to the conclusion that it is such as to warrant the finding mentioned. We are also constrained to hold that the finding to the effect that the danger was not necessarily apparent to a common laborer not skilled in mason-work is sustained by evidence.

No exception is taken to the charge, and it is not printed. No complaint is made to any ruling upon the trial. The only error assigned is the refusal to set aside the verdict as not being sustained by the evidence. The defendant seems to have had a fair trial throughout; and, as already indicated, there is evidence sufficient to sustain the verdict.

*By the Court.*— The judgment of the circuit court. is affirmed.