ISAACS *v.* SOUTHERN PAC. CO.

*(Circuit Court, D. Oregon. March 14, 1892.)*

INJURY TO EMPLOYE—EVIDENCE.

In the trial of an action for damages for personal injury occasioned by an accident to a bridge on a railway, it is error to admit evidence on the part of the plaintiff going to show that in the reconstruction of the bridge longitudinal braces were used where none had been used before.

*(Syllabus by the Court.)*

At Law.

*Tilman Ford* and *Richard Williams,* for plaintiff.
*E. C. Bronaugh* and *W. D. Fenton,* for defendant.

DEADY, District Judge.    This action was brought by Grace G. Isaacs against the Southern Pacific Company to recover damages for personal injuries alleged to have been sustained in a railway accident, commonly known as the "Lake La Biche disaster." On the trial of the case the jury found a verdict for the plaintiff in the sum of $11,000.

The defendant now moves to set aside the verdict, and for a new trial, because the court erred in admitting evidence on the part of the plaintiff as follows:    It being shown and admitted that the bridge in question was originally constructed without longitudinal braces, the plaintiff called Henry Rogers as a witness, and asked him if the defendant, in the reconstruction of the bridge, put in such braces; to which question the defendant objected, which objection was overruled by the court; and thereupon the defendant excepted, and the witness answered, "Yes."

This ruling now appears, in the light of the authorities, to have been erroneous, and materially so.    The effect of the evidence was to practically show an admission on the part of the defendant that the bridge was not properly or sufficiently constructed, without longitudinal braces, in the first place; whereas, the use of them in the reconstruction might have been only out of abundance of caution in the light of the experience of the wreck.

No authority has been shown in support of the ruling, and it is believed that none can be found, unless it be in the state of Pennsylvania.

In the case of *Nalley* v. *Carpet Co.,* 51 Conn. 524, the court said:

"The fact that an accident has happened, and some person has been injured, immediately puts a party on a higher plane of diligence and duty, from which he acts with a view of preventing the possibility of a similar accident, which should operate to commend, rather than condemn, the person so acting.    If the subsequent act is made to reflect back on the prior one, although it is done upon the theory that it is a mere admission, yet it virtually introduces into the transaction a new element and test of negligence which has no business there, not being in existence at the time."

In *Morse* v. *Railroad Co.,* 30 Minn. 465, 16 N. W. Rep. 358, the court overruled its former decisions on this subject, and said:

"A person may have exercised all the care which the law required, and yet, in the light of his new experience, after an unexpected accident has occurred, and as a measure of extreme caution, he may adopt additional safeguards. The more careful a person is, the more regard he has for the lives of others, the more likely he would be to do so, and it would seem unjust that he could not do so without being liable to have such acts construed as an admission of prior negligence. We think such a rule puts an unfair interpretation upon human conduct, and virtually holds out an inducement for continued negligence."

In *Railroad Co.* v. *Clem*, (Ind. Sup.) 23 N. E. Rep. 965, it was held, in the language of the syllabus·

"In an action against a railway company for injury caused by alleged negligence in the construction of its road, evidence that after the accident the company changed and repaired its road is inadmissible to show negligence."

In *Lang* v. *Sanger*, (Wis.) 44 N. W. Rep. 1095, it was held that in an action for injuries alleged to have been received through the dangerous condition of a gangway in the defendant's saw-mill, evidence that after the accident defendant made repairs is inadmissible.

The admission of the evidence over the objection of the defendant appears to have been erroneous, both on principle and authority. The jury were led to believe by it that the bridge ought to have been constructed with such braces originally, and that the omission to do so was negligence, which contributed to the result. The motion is allowed, and the verdict set aside. In the light of the former trial, this case ought to be settled by the parties, and doubtless will, and thereby save the expense and labor of a new trial.