KATE BIRCH v. SECURITY SAVINGS & LOAN ASSOCIATION.[1]

January 7, 1898.

Nos. 10,650—(73).

Pleading — Sufficiency of Complaint — Usury — Building and Loan Association—Mortgage—Constitution.

The plaintiff alleged in her complaint a usurious agreement between the parties, unless the defendant corporation, by reason of its being a mutual building and loan association, is exempt from the usury laws of the state; but the complaint, which was verified, also contained specific allegations that defendant was not such an association. As the demur-

rer admitted all of these allegations, *held*, that the complaint was sufficient.

Action in the district court for St. Louis county to obtain a decree cancelling plaintiff's note and mortgage for $1,900 and annulling the foreclosure proceedings had thereunder, and to secure a judgment against defendant for $680.20 and interest. The facts are stated in the opinion. From a judgment of dismissal entered pursuant to an order, Moer, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Reversed.

*J. W. Bull* and *George F. Davis*, for appellant.

*A. D. Smith*, for respondent.

BUCK, J.

The complaint alleges that in the month of March, 1891, the plaintiff obtained a loan of $1,900 from the defendant, and secured the payment thereof by a mortgage on real estate, and that by the terms of the contract she agreed to a large sum as a premium or bonus for the use of said money, in addition to 10 per cent. interest per annum; which would make the loan usurious and the mortgage void, unless the defendant corporation is exempt from the laws relating to usury. The action is one to cancel the note and mortgage and set aside the foreclosure proceedings on the ground of usury.

The trial court sustained a demurrer to the complaint, and the question then arises as to whether it states a cause of action. It is specifically alleged therein that the defendant is not a mutual building loan association; that it is simply a corporation organized and conducted for the purpose of loaning its capital, which almost entirely consists of money paid in by the shareholders who paid for their stock in full at the time of subscribing for the same, and such sums as it has accumulated by its manner of loaning such capital; and that said defendant, neither in design nor in practice, is what is known in law as a mutual building and loan association. There are also several other allegations of a similar nature in the complaint, asserting as a fact that the defendant corporation is not, and was not, intended to be a mutual building and loan association.

71 M.—8

The articles of incorporation are not literally set out nor pleaded in full. Of course, the demurrer admits all of the material facts alleged in the complaint.

We are asked to pass upon the question as to whether the act authorizing the incorporation of the defendant corporation is not unconstitutional, as being class legislation, and one ground thereof is the admission by the plaintiff in his argument that in form the defendant is organized under the laws relating to building associations. But upon such a state of the record we decline to pass upon a matter so important, especially in view of the fact that the complaint, which is verified, alleges positively that the defendant is not a mutual loan and building association. And as the defendant by its demurrer admits this to be true, it would be improper for this court to assume a nonexisting fact as the basis for passing upon so grave a question as the constitutionality of an important law. If the defendant is not a mutual loan and building association, then the allegations of the complaint are sufficient to charge a usurious contract between the parties, and the demurrer should have been overruled.

Judgment reversed.