Owen, Appellant, vs. Portage Telephone Company, Respondent.

*November 18—December 12, 1905.*

*Telephones: Injury to person by lightning: Contributory negligence:*
*Evidence: Order of proof: Instructions to jury: Proximate cause:*
*Special verdict: Inconsistency: Supervening negligence: New*
*trial: Juror's ignorance of legal effect of finding.*

1. In an action against a telephone company for personal injuries
caused by lightning conducted along a wire which had consti-
tuted a part of the ground connection of a telephone on plaint-
iff's premises and which remained connected with the ground
wire though loose at the other end, the evidence is *held* to sus-
tain a finding of plaintiff's contributory negligence in hanging
or permitting to be hung in one of the buildings the loose end
of the wire, in a coil, upon a nail near which he and others
were likely to stand, and in taking his place near the same dur-
ing a violent electric storm.

2. Exclusion of evidence which was admissible as tending to prove
defendant's negligence was not prejudicial error where the jury
found such negligence.

3. Where an offer of evidence was understood by both parties and
by the court to be in support of the claim that defendant was
negligent, the exclusion of such evidence cannot properly be
assigned as error on the ground that it was admissible to dis-
prove plaintiff's contributory negligence.

4. It is not an abuse of discretion to refuse to receive evidence to
rebut contributory negligence before any evidence in support
thereof has appeared.

5. It is a matter of common knowledge that lightning is conducted
along copper telephone wires and their connections attached to
buildings.

6. Where the general charge as to contributory negligence cor-
rectly stated that plaintiff ought to have known and appre-
ciated those things which a man of ordinary care and prudence
would know and appreciate under like circumstances, a part of
such charge stating that the jury should consider whether "the
plaintiff knew or ought to have known and comprehended the
risk and dangers" was not objectionable as allowing the jury to
set up for themselves an ideal of what the plaintiff ought to
have known.

7. An instruction that, to warrant a finding of plaintiff's contributory negligence, his negligence must have "directly contributed" to his injury, the injury must have been the natural and probable result, and the situation must have been such that an ordinarily prudent person would have anticipated and appreciated the danger of such an accident, was sufficiently favorable to plaintiff and not objectionable because it did not state in terms that his negligence must have been the proximate cause of the injury.

8. Findings in a special verdict that defendant's negligence was the proximate cause of plaintiff's injury, and that plaintiff's negligence proximately contributed thereto, are not inconsistent.

9. If plaintiff's own negligence caused or contributed to the injury proximately, defendant is not liable unless guilty of gross negligence as defined in *Watermolen v. Fox River E. R. & P. Co.* 110 Wis. 153.

10. The fact, shown by his affidavit, that a juror was led to agree to a finding of plaintiff's contributory negligence, contrary to his conviction as to the fact, by being induced by a fellow juror to believe that such finding would not prevent a recovery by plaintiff, did not make it the duty of the court to grant a new trial.

APPEAL from a judgment of the circuit court for Columbia county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Plaintiff was manager and in possession of a farm near the city of Portage in which the defendant had, at his request, installed a telephone, the ground connection of which originally was a three-foot rod of iron driven into the ground, which proved inadequate in the winters of 1898 and 1899, whereupon the defendant, at plaintiff's request and with his knowledge, connected with the ground wire another wire passing over a shed·roof and into a pumphouse and thence to the floor and fastened around an iron pump. In the following spring a longer iron rod or pipe was substituted for the first one and the ground wire of the telephone connected with that, thus leaving the telephone supplied with two ground connections. Some time in 1899 or 1900 the wire in the pumphouse became disconnected from the pump by no act of defendant, and for two or three years the disconnected end hung there in close

proximity to the pump and was used by the plaintiff to hang a key on.    Some time in the spring of 1903, probably in March, the plaintiff, or some of his household, coiled up the dangling end of this wire and hung it upon a nail inside of the pump-house upon which hung a small looking-glass used by members of the family for toilet purposes, of which plaintiff had full knowledge.    Meanwhile plaintiff had no knowledge or information that this wire had ever been disconnected from the tel-ephone ground wire or that it had not.    On May 26, 1903, in the midst of a violent electric storm, plaintiff, after ablutions, stepped in front of this glass to comb his hair, using for that purpose a metallic comb.    His face was but a few inches from the coil of wire hanging on the nail.    Suddenly there was a flash of lightning, apparently from the end of this wire, which struck plaintiff's face, rendering him unconscious and causing serious injury.    There was also evidence that about the same moment lightning struck a telephone pole not very far from the house, and signs of scorching near the telephone and at the end of this wire were discovered, claimed to indicate that the lightning striking the pole had been conducted through the telephone wire into the house and thence through the wire into the pumphouse.    This action was brought to recover plaint-iff's damage.

The jury found by a special verdict (1) that plaintiff's in-jury resulted from this wire; (2) that defendant was not guilty of negligence in not disconnecting the pumphouse wire from the ground wire; (3) that the defendant was negligent in leaving the wire disconnected from the pump; (4) that such negligence was the proximate cause of the injury; (6) that there was "want of ordinary care on the part of the plaintiff, which contributed to the injury;" and (7) damages $1,000.    Plaintiff moved to reverse the answer to the sixth question and enter judgment in his favor on such amended verdict, and, failing such relief, that the verdict be set aside and new trial granted.    Such motions were overruled and

judgment rendered for defendant on the verdict, from which plaintiff appeals.

For the appellant there was a brief by *C. C. Wayland, C. A. Fowler,* and *Burr W. Jones,* and oral argument by *Mr. Jones.*

*Daniel H. Grady,* for the respondent.

Dodge, J.  1. We agree with the trial court that there was evidence upon which the jury might have based their conclusion of plaintiff's contributory negligence in hanging or permitting to be hung on his premises the roll of wire in immediate proximity to the place where he and others were likely to stand in front of the looking-glass, and in taking his place near the same at a moment of violent electrical disturbance. The principal insistence of appellant against the sufficiency of such evidence is based upon the assertion that appellant had no knowledge that the wire in the pumphouse had not been disconnected from the ground wire of the telephone.   We cannot think this sufficient.   He knew that, when originally put in place and carried into the pumphouse, it had been so connected with the ground wire, and he offered no evidence of any knowledge or investigation on his part as to whether it had been disconnected.   We think it within the province of the jury to consider whether it was not negligence in one to permit such a condition to exist on his own premises without even investigation and to expose himself to the peril thereof.

2. Error is assigned upon a ruling excluding an offer of proof that the iron stake or rod to which the main ground wire from plaintiff's telephone was attached was not an approved device, being rusty and not galvanized, so that, as argued, it failed of its full duty in conducting electricity to the ground, and at least enhanced the likelihood of lightning passing through the pumphouse wire.   The objection and ruling were based upon the contention that the notice of injury failed to describe any such defect or negligence among the grounds

upon which plaintiff's claim was made in accord with sec.
4222, Stats. 1898. We shall not deem necessary to decide
how fully or specifically that notice must describe the negli-
gence of defendant upon which a plaintiff grounds his claim,
nor whether, by reasonable interpretation, the notice here may
be held to point out this defect; for, if it be conceded that this
evidence offered was admissible as tending to prove defend-
ant's negligence, its exclusion could not have had any prejudi-
cial effect upon that issue, because the jury found defendant
negligent. An error which does not affect a substantial right
cannot justify a reversal. Sec. 2829, Stats. 1898. But, says
appellant, even if not admissible to prove defendant's negli-
gence, such evidence did tend to rebut contributory negligence
on plaintiff's part, if, as he claims, he had no knowledge of the
defects in the ground connection, nor, therefore, of enhanced
peril from the pumphouse wire. The offer of evidence was,
obviously, not understood by either party or the court to be in
support of any such issue; hence it cannot, in fairness to the
trial court, be said that any ruling was made on that subject
so as to be a legitimate ground upon which to assign error.
Waiving that consideration, however, could error be predi-
cated upon exclusion of evidence in denial of plaintiff's negli-
gence at that stage of the trial? At the time of the offer there
had been no evidence drawn out which could support an im-
putation of negligence of plaintiff. He and another witness
had merely given the barest outline of the catastrophe, and he
had been withdrawn from the stand, apparently to make place
for some medical witnesses, when the witness Burton was
called to give descriptions of the telephone and the various
wires as he observed them immediately after the injury.
Contributory negligence is purely and strictly defensive in
Wisconsin. As said in one of the cases cited, it is like the de-
fense of payment. *Randall v. N. W. Tel. Co.* 54 Wis. 140,
147, 11 N. W. 419; *Hoye v. C. & N. W. R. Co.* 67 Wis. 1, 15,
29 N. W. 646; *Gill v. Homrighausen,* 79 Wis. 634, 48 N. W.

862. Evidence in support thereof is defensive merely, and such affirmative evidence cannot regularly be introduced until plaintiff's case is closed; nor, in the proper order of trial, should evidence in denial thereof be received until defendant rests his case. Of course, in practice it often happens that plaintiff and his witnesses, in narrating the transaction surrounding an injury, cannot avoid, either on direct or cross-examination, describing his conduct and thus furnishing proof of the defense of which defendant can avail himself, and it might then be proper to permit plaintiff to introduce explanatory evidence to avert the result of motion for nonsuit. Even in that case the evidence would, strictly, be out of order and admissible only in discretion. We surely could not hold it abuse of discretion to refuse to receive evidence to rebut contributory negligence before any had appeared in support of that issue. Such would be the situation here if the evidence had been offered expressly to disprove contributory negligence, and no error would exist in its exclusion.

3. Error is assigned because the court told the jury, *apropos* of the plaintiff's contributory negligence: "It is matter of common knowledge with all men that lightning is conducted along such wires as that which ran to the 'phone and to the pumphouse." We think the court was entirely correct. We suppose it to be common knowledge that a copper wire is a better conductor of electricity than most other things, and that any wire having contact with the outside of buildings is liable to become charged with electricity seeking way from the atmosphere to the ground, especially in times of electrical disturbance. We discover no error in this instruction.

Complaint is made of instruction upon the same issue, that the jury should consider whether "the plaintiff knew or ought to have known and comprehended the risk and dangers." The excepted portion of the instruction, standing alone, might be objectionable upon the grounds discussed in *Dehsoy v. M. E. R. & L. Co.* 110 Wis. 412, 416, 85 N. W. 973, as allowing

the jury to set up for themselves an ideal of that which the plaintiff ought to have known; but this is a portion of a general charge in which the jury were correctly informed that plaintiff ought to know and appreciate those things which a man of ordinary care and prudence would know and appreciate under like circumstances. Thus qualified, we can discover nothing of error in the instruction.

The charge on the subject of contributory negligence is further complained of generally, because it did not in terms inform the jury that negligence on plaintiff's part which directly contributed to the injury must have been the proximate cause thereof, with a statement of all the elements pertaining to proximate cause. We do not think it obnoxious to this objection. It required for an affirmative answer that his negligence, if any, must have "directly contributed" to his injury; but the rest of the same sentence required also that the injury must have been the natural and probable result and that the situation must have been such that an ordinarily prudent person would have anticipated and appreciated the danger of such an accident. This instruction was at least favorable enough to the appellant. If not necessary that his negligence should have contributed "directly," that requirement could not prejudice him; for all the elements of proximate cause were required to be found, and this in addition.

In this immediate connection we may consider the contention that the findings that defendant's negligence was the proximate cause of the injury and that plaintiff's negligence proximately contributed are so inconsistent that they cannot stand together. This would, indeed, be novel doctrine in this state, where the law has been declared from the earliest days that, although the defendant's negligence be the proximate cause of an injury, yet plaintiff cannot recover if his own negligence contributed thereto. Counsel's contention is, in effect, that, if the first fact be found, the latter cannot exist—a proposition in conflict with too many decisions to cite. One will

suffice: *Boyce v. Wilbur L. Co.* 119 Wis. 642, 650, 97 N. W. 563, where it is said of plaintiff's negligence: "It need not be the sole cause, and it may contribute but slightly." However, there is no necessary inconsistency between the two findings. To the finding of proximate causation by defendant's negligence, it is but necessary that the probability of some injury be within reasonable anticipation, not the particular injury,—not even an injury to the particular person. *Mauch v. Hartford,* 112 Wis. 40, 87 N. W. 816; *Meyer v. M. E. R. & L. Co.* 116 Wis. 336, 340, 93 N. W. 6. Now the jury might well have believed that just such an injury as this was to be reasonably anticipated to some person having no knowledge of the danger and therefore guilty of no negligence in exposing himself to it, and thus have properly found complete proximate causal connection with any injury actually resulting; but the fact that the person who happened to receive the injury had such knowledge of the peril as to render him negligent in the exposure to it would not derogate in any degree from that finding, although it might justify a conclusion of contributory negligence on his part. Of course, the conduct of a plaintiff which brings on the injury may have been so extraordinary and unusual as to tend to the conclusion that no injury was probable enough to be anticipated by any one, and such conduct is provable under the general issue, not because it is contributory negligence, but because, as part of the alleged chain of events, it interrupts the natural and probable causal connection between defendant's negligence and the injury suffered. *Jones v. S. & F. du L. R. Co.* 42 Wis. 306, 310.

A still further complaint is that the court did not instruct the jury that, even if plaintiff were guilty of negligence in coiling the wire and hanging it in a place dangerous to those using the looking-glass, still the defendant would be liable if, after knowledge of such negligence, it might, by the exercise of ordinary care, have averted the injury. This is the doc-

trine of comparative or supervening negligence, which has no place in the jurisprudence of this state. If plaintiff's own negligence caused or contributed to the injury proximately, the defendant is not liable unless guilty of gross negligence as recently defined by this court. *Watermolen v. Fox River E. R. & P. Co.* 110 Wis. 153, 85 N. W. 663, and cases cited.

4. Another assignment of error is based upon refusal to grant a new trial upon the affidavit of one of the jurors that, while he agreed and consented to answer the sixth question as to contributory negligence in the affirmative, he did so against his conviction that the true answer should have been negative, by being induced to believe that the affirmative answer would be immaterial and not prevent the plaintiff's recovery, and that such belief was brought about by the statement of a fellow juryman that on some previous occasion he had been advised by a distinguished lawyer to that effect and knew it was so. We find nothing in this affidavit to make it the duty of the court to set aside a verdict. It does not in any wise avert the fact that the verdict, as filed, was that agreed upon, and it does show that in this instance at least the trial court was peculiarly successful in securing an answer to this question not induced by a desire to favor the party in fact benefited by it. One of the important purposes of the special verdict is to secure the answer of the jurymen upon the concrete issues of fact in ignorance of the legal effect of their answers, so that they may be unbiased by favor or antagonism to either side. It certainly is no ground for setting the verdict aside that such end has been accomplished in the present case. However, the affidavit in no wise impugns the correctness of the written verdict as expressing the conclusion in fact agreed to by the jurors. It, at most, suggests the mental processes on affiant's part which led him to such agreement. We think this form of attack upon a verdict is entirely against the weight of authority, as is at least intimated in *Wolfgram v. Schoepke,* 123 Wis. 19, 100 N. W. 1054, where most of the

·cases on the subject in this state are gathered; also in *Hempton v. State,* 111 Wis. 127, 145, 86 N. W. 596.

We find no prejudicial error necessitating reversal.

*By the Court.*—Judgment affirmed.