'GALLAWAY, Respondent, vs. MASSEE and others, Appellants.

*November 8—December 13, 1907.*

*Appeal and error: Affirmance or reversal: Evidence: Sufficiency: Trial: Questions for jury: Instructions to jury: Jurors: Gambling verdict: Impeaching verdict: Opinion evidence.*

1. In an action for the negligent killing of a mare, the evidence, stated in the opinion, is *held* to warrant an inference of defendants' negligence that resulted in the damages claimed and to support a verdict for the plaintiff.

·2. In an action for the negligent killing of a mare, where the evidence is in sharp conflict upon the issues of negligence and damages sustained, it is not error to refuse a directed verdict.

.3. Where the instructions given embody all the rules of law applicable to the case and state them correctly upon each issue, it is not error to have refused requested instructions stated in the opinion.

4. An affidavit of a juror tending to impeach the verdict cannot be entertained by the court as a basis of setting aside the verdict rendered.

5. An affidavit of a juror, filed with a motion to set aside a verdict, that the verdict was arrived at by dividing the total sum of the amounts each juror determined to award by the number of jurors, impeaches the verdict rendered and cannot be entertained.

6. Matters involved in questions of opinion evidence rejected by the court are *held* to have been either within the common knowledge of the jurors or of such remote bearing on the issues litigated that their exclusion did not operate to the prejudice of appellant.

APPEAL from a judgment of the circuit court for Dunn county: E. W. HELMS, Circuit Judge. *Affirmed.*

This is an action to recover damages for the loss of a mare. The ground alleged for a recovery is the negligence of defendants' servant. It is alleged that defendants' servant in charge of the stallion of defendants was negligent in permitting a false entry by the stallion in serving the mare and that this caused her an injury which resulted in her death. The evidence adduced by the parties was in conflict upon the question of whether defendants' servant was exercising ordinary care and prudence in his management of the stallion at the time the mare was being bred. This was the principal issue in the case. Some of the evidence tended to show that the servant in charge of the stallion so managed and controlled him as such attendants in the discharge of their duties ordinarily do to assure the safety of the mare. On the other hand, there was evidence tending to show that he omitted to perform duties which such attendants customarily perform to prevent injury. The evidence as to the cause of the death of the mare was likewise in conflict. Evidence was adduced tending to show that the mare's death was caused by an injury to the rectum as a result of the false entry. Each of these issues was submitted to the jury. The jury found a general verdict in favor of the plaintiff and assessed the damages for the loss of the mare. Defendants moved for judgment notwithstanding the verdict, which was denied. Defendants filed an affidavit by one of the jurors to the effect that the jury had arrived at the sum of the damages by taking the quotient of the sum of the amounts assessed by the different jurors divided by the number of the jurors, and moved to set aside the verdict upon that ground. This motion was denied. The court also denied a motion to set aside the verdict and for a new trial upon the minutes of the court. Judgment was entered for the plaintiff for the amount of damages found by the jury and for costs. This is an appeal from such judgment.

For the appellants there was a brief by *Bundy & Varnum,* and oral argument by *R. E. Bundy.*

For the respondent there was a brief by *Freeman & Freeman,* and oral argument by *C. E. Freeman.*

Siebecker, J.   It is claimed that the court should have directed a verdict for the defendants because there is no evidence of the negligence charged and because the evidence does not show that the alleged negligence was the proximate cause of the injury.   The evidence adduced tends to support the verdict sufficiently to warrant the inference of negligence and that it resulted in the damage claimed.   The evidence was sharply in conflict upon these issues and thus presented an issue for the jury to determine whether or not defendants' servant was negligent in the respects charged in the complaint and whether or not the damages alleged were the proximate result of the alleged negligence.   The case was submitted to the jury under instructions from the court which fully informed them of the rules of law applicable to the case upon the issues raised and litigated as to the negligence charged and as to contributory negligence and as to the questions of proximate cause, damages, and the burden of proof.   The instructions embody the rules of law applicable to the case and state them correctly upon each of the issues.   The court, therefore, committed no error in refusing to instruct the jury in the language requested, and in rejecting instructions requested by the defendants which were not embraced in the instructions given.

The defendants moved to set aside the verdict upon the affidavit of one of the jurors to the effect that the damages actually agreed upon by the jury were arrived at through a gambling operation, by dividing the total sum of the amounts each juror determined to award by the number of jurors, and that the verdict, therefore, was not a verdict agreed upon by the jurors as required by law.   The affidavit of this juror,

in effect, directly impeaches the verdict rendered by the jury. Such an affidavit by a juror cannot be entertained by a court to set aside the verdict rendered. *Wolfgram v. Schoepke,* 123 Wis. 19, 100 N. W. 1054; *Owen v. Portage Tel. Co.* 126 Wis. 412, 105 N. W. 924; *Butteris v. Mifflin & L. M. Co., ante,* p. 343, 113 N. W. 642.

The exceptions to the rulings of the court rejecting opinion testimony are not well taken. The matters involved in these questions were either within the common knowledge of the jurors, or of such remote bearing on the issues litigated that exclusion of the evidence could not operate to defendants' prejudice. We find no reversible error in the record.

*By the Court.*—Judgment affirmed.