JOHNSON v. DESMOND CHEMICAL CO.

1. APPEAL AND ERROR — REVIEW — DECISION ON DEMURRER — GROUNDS.

Where, after decision on demurrer was announced, plaintiff requested the court to state the reasons for sustaining the demurrer, which he did, but it does not appear from the record that notice of the request for special reasons was served upon the defendant, the court will treat the case as though the judgment were a general one sustaining the demurrer for the reasons stated therein.

2. SAME — ASSIGNMENTS OF ERROR — SUSTAINING DEMURRER — SUFFICIENCY.

An assignment of error that the court erred in sustaining the demurrer to plaintiff's declaration is sufficiently specific.

3. MASTER AND SERVANT — INJURIES TO SERVANT — ACTION — DECLARATION — SUFFICIENCY.

In an action by a servant for personal injuries, a declaration alleging that plaintiff was ordered into a place of danger outside the scope of his employment, without acquainting him of the dangers and the proper method of doing the work, sufficiently charges defendant with negligence.[1]

4. SAME — AVERMENTS — METHODS OF WORK.

It is not essential to set out the various proper ways in which work of the character described may be done, if, as a matter of fact, defendant is charged with and shown to have employed an improper method in the particular case.

5. SAME — ASSUMPTION OF RISK — SCOPE OF EMPLOYMENT.

An employé, by his contract of employment, assumes those risks of injury which are properly incident to his employment and about which he may inform himself by observation; but when, by direction of his master, he is engaged in work outside the scope of his regular employment, the most that can be said is that he may be negligent in undertaking work which is obviously dangerous to one of his experience and intelligence.[2]

---

[1] As to duty to warn or instruct servant as to dangers of work, see note to James v. Rapides Lumber Co. (La.), 44 L. R. A. 33.

[2] As to assumption of risk or contributory negligence in obeying a direct command, see note to Dallemand v. Saalfeldt (Ill.), 48 L. R. A. 753.

Error to Grand Traverse; Davis, J., presiding.  Sub-mitted January 23, 1908.  (Docket No. 138.)  Decided March 31, 1908.

Case by Frank W. Johnson against the Desmond Chemical Company for personal injuries.  There was an order sustaining a demurrer to the declaration, and plaintiff brings error.  Reversed.

*George C. Brown* ( *Colin P. Campbell* and *Pratt & Davis*, of counsel ), for appellant.

*Parm C. Gilbert* ( *John W. Patchen*, of counsel ), for appellee.

MONTGOMERY, J.  The plaintiff brought an action for negligent injury, and the case was determined adversely to him on a demurrer to the declaration.  From the judgment entered upon the demurrer, he brings error.  The demurrer stated among other things:

"Said declaration does not allege nor set forth negligence on behalf of defendant, and does not show plaintiff to have been in the exercise of due care.

"Said declaration shows that plaintiff was guilty of contributory negligence.

"Said declaration is framed on the theory that plaintiff was placed in a new occupation and subjected to hidden dangers and thereby injured, but the declaration does not specify nor name any hidden dangers.

"Said declaration shows that the place of plaintiff's employment, the tramway, the track, the car and the tools there in use by plaintiff were all in plain view, and the conditions and surroundings were readily discernible by plaintiff and that the plaintiff by the exercise of ordinary care and prudence could have avoided the accident.  * * *

"Said declaration shows that all the danger alleged therein was obvious and assumed by plaintiff when he undertook to replace the car on track."

To state briefly the averments of the declaration:  It is averred that the defendant owned and operated a plant in

Benzie county for the manufacture of wood alcohol, charcoal, and kindred products; that this plant was equipped among other things with tram cars and tramways usual and necessary for the operation of such a plant; that leading from the defendant's coolers was an inclined tramway having thereon a track upon which tram cars loaded with charcoal from the coolers were run for the purpose of loading the charcoal into cars placed on the railroad track beneath; that at its highest point it reached an elevation of 20 feet; and that the cars used weighed about 2,000 pounds and consisted of an iron body or box and two single trucks, one placed at each end of the car.

The plaintiff was engaged by the defendant in operating and managing the retorts for the manufacturing of wood alcohol.    These duties in that behalf consisted in running tram cars loaded with wood from the tracks into the retorts and running them out to the coolers when the wood alcohol had been extracted and the wood converted into charcoal.    It is averred that on the 29th of March, 1904, while at his usual employment, he was directed by the defendant to withdraw from his usual employment, to wit, operating and managing said retorts, and enter into a new and dangerous employment, to wit, replacing a derailed tram car on the track at a point about 20 feet above the ground on said inclined tramway; that while engaged in the placing of said tram car on the track, and while in the exercise of all due care, diligence, and caution, and without negligence on his part, while prying said car back on the track with a crowbar, he was knocked down from said inclined tramway by reason of said car slipping from the face of the jack upon which it had been raised, and said plaintiff was precipitated onto the railroad track 20 feet below.

The declaration avers that the work of replacing said tram car on the track was dangerous work; that the dangers thereof consisted in the liability of said tram car to sway or slip while being replaced with a jack and crowbar; that the dangers thereof were hidden and not

apparent to a person inexperienced in that employment, and that plaintiff, being inexperienced, did not appreciate or understand the dangers of such employment, and that the work of replacing said tram car on the track was new and different from plaintiff's usual employment for said defendant, to wit, operating and managing the said retorts; that plaintiff had no knowledge of operating, handling or replacing such cars on the track, and no knowledge of the dangers to be risked in replacing such cars on the track, and no knowledge of the proper method employed to replace such cars on the track.

Plaintiff avers that it was well known to the defendant that plaintiff had no such knowledge of tram cars and replacing them on the track, and no knowledge of the proper method to be employed in replacing such cars on the track, and no knowledge of the dangers to be risked in replacing such cars on the track.

He further avers that while he was employed by the defendant, he received no directions or instructions from the said defendant as to the proper method to be employed in replacing such cars on the track, and no warning of the dangers to be risked in such work.

The declaration further avers the defendant's duty to provide a safe place and to give proper instructions, etc., and to avoid sending the plaintiff to a new and different and dangerous employment without explaining fully the proper method to be employed in performing the duties of such new employment. It avers the disregard of duty in that regard in detail and the injury.

The case was heard before Judge Davis, of the eighth judicial circuit, and after the decision was announced, he was asked and stated the reasons for sustaining the demurrer, and stated them as follows:

"There must be enough in this declaration so that the court can give an opinion whether there has been negligence. The plaintiff has alleged in his declaration that there were safer methods of doing this work, but he has failed to point out what he considers safer methods. I

believe that under the rules of pleading this should be alleged in the declaration. It is said that there are safer methods but not what such safer methods are.

"Again, it is alleged in the declaration that plaintiff was injured by the car slipping from the face of the jack upon which it had been raised. I believe the declaration should point out specifically the negligence complained of and the facts should be stated with such detail that the court could say that there had been negligence on the part of the defendant and not contributory negligence on the part of the plaintiff. I believe the defendant is entitled to be confronted with what plaintiff believes a safer method and that he is entitled to be confronted with a more specific allegation as to the manner of the injury as set forth above. The declaration says, to quote from it, that while plaintiff was replacing the tram car 'while prying said tram car back on the track with a crowbar he was knocked down from said incline tramway by reason of said tram car slipping from the face of the jack upon which it had been raised,' etc. It does not appear to me from this allegation that the plaintiff was not guilty of contributory negligence. For these reasons the demurrer was sustained."

It is contended by the plaintiff that the reasons stated are not reasons assigned in the demurrer filed, and that as the demurrer was sustained upon these grounds, there is really nothing before the court for its consideration.

On the other hand, it is said that these reasons stated are no part of the record, and that if the declaration is subject to the objections stated in the demurrer, the judgment sustaining the demurrer should be affirmed.

In view of the fact that no notice of the request for special reasons was served upon the defendant, so far as the record discloses, we are disposed to treat the case as though judgment had been a general one sustaining the demurrer for the reasons stated therein.

It is stated that the assignment of error that the court erred in sustaining the demurrer to the plaintiff's declaration is not sufficiently specific and definite. We do not understand how it could well be more so. The plaintiff has been turned out of court upon the record made by de-

fendant, and this is what he complains of. If upon the record there was no justification for the entry of that judgment, he has a right to complain, and about the only complaint that he can well make is that he has been thus defeated in his action.

We think if it can be said that the plaintiff has shown himself to be free of negligence by his declaration, the negligence of the defendant is sufficiently set out in the averments that the plaintiff was ordered into a place of danger outside of the scope of his employment without acquainting him of the dangers and the proper method of performing the work. We think, moreover, that it is not essential to set out the various proper ways in which work of this character may be done, if as a matter of fact defendant is charged with and shown to have employed an improper method in a particular case. The real meritorious question presented by the record is, in our judgment, whether plaintiff should be held to have assumed the risk and whether he was guilty of negligence contributing to the injury. These questions, while distinct, are closely allied, and it is to be noted that the case is not the ordinary case presenting the question of assumption of the risks of an employment by an employé, but in this case it is averred that the plaintiff was directed out of the line of his employment and that he did not in fact know of the danger of the car sluing around and exposing him to injury. If these averments be accepted as true, as they must be from this record, then it would follow that if that danger was not obvious to a man of the plaintiff's intelligence and experience, he could not be held to have assumed the risk or to have been in the wrong in following the direction of the employer. A clear distinction is to be noted between a case in which an employé receives an injury while in the line of his regular employment and one in which such injury occurs while he is engaged in work for which he was not employed. In the former case he is held to have assumed the risk by his contract of employment, and it is held that such assumption of risk involves

some duty of observation with a view to informing himself of the dangers to which he may be subjected. In the latter case, the most that can be said is that the employé may be guilty of negligence in undertaking work to which he is directed out of the line of his employment when such work is obviously dangerous to one of his experience and intelligence.

As was said in *Chicago, etc., R. Co.* v. *Bayfield,* 37 Mich. 205, 211:

" The risks the servant actually assumes are only those which are properly incident to the employment; and he may always require the master to respond for injuries resulting from his personal negligence. Cases of this sort occur where the master exposes the servant to unsafe machinery or sends him into places where there are risks of which he is ignorant. * * * This principle may be applicable even when the risks are apparent and fully open to observation, provided the servant from his youth, inexperience or other cause is incapable of fully understanding and appreciating them. * * * Now in this case the servant was inexperienced; and though it would perhaps be apparent to him that the service on which he was sent was more hazardous than that he had engaged for, yet this must have been still better understood by Smith, and we think in this particular, as well as in respect to sending him upon the service at all, the risk was not fairly upon the servant's shoulders."

See, also, *Walker* v. *Railway Co.,* 104 Mich. 606; *Gill* v. *Homrighausen,* 79 Wis. 634; and *McClure* v. *Railroad Co.,* 146 Mich. 457.

The latter case is quite similar to the present. In that case decedent had been ordered by an incompetent foreman underneath a car, which was resting upon jacks only, to perform work, and upon the question whether the risk was so obvious that plaintiff should have been held to have assumed the risk, it was said:

"The case is near the border line, but we think the fact, if it be the fact, that the deceased was ordered under the car by one in authority who was incompetent, is to be taken into account in determining whether deceased was negligent in not informing himself of the danger."

This question, involving as it does the question of the plaintiff's intelligence and experience, and it being averred that he was in the exercise of due care, and that the danger was unknown to him, it cannot, on this record, be determined as against these admitted averments that the facts were otherwise. The testimony, when adduced, may present a very different case, and may show conclusively the plaintiff's contributory negligence. But on this record that does not appear, as a matter of law, and for this reason we think the demurrer was not sustainable on this ground. It follows that the judgment should be reversed, and a new trial ordered, the plaintiff to recover costs of this court and of the hearing on demurrer in the court below.

GRANT, C. J., and OSTRANDER, HOOKER, and CARPENTER, JJ., concurred.