LIND, Administratrix, Respondent, vs. UNIFORM STAVE & PACKAGE COMPANY, Appellant.

*April 1—October 5, 1909.*

*Master and servant: Death of servant: Unguarded opening in vat: Statutory duty of master: Negligence: Assumption of risk: Contributory negligence: Evidence: Questions for jury: Instructions: Placing guards after accident: Order of proof: Burden of proof: Intoxication of decedent at other times.*

1. In an action for death of an employee in defendant's factory who fell into an unguarded opening caused by the raising of a trap door in the top of a tank of hot water, it is *held* upon the evidence to have been a question for the jury whether such opening could have been guarded by barriers or other safeguards without unreasonably interfering with the work which was being carried on and which could not be performed with the door closed.

2. Employees do not assume the risks arising from negligent failure of the employer to surround vats containing hot liquids with proper safeguards as required by sec. 1636*j*, Stats. (1898).

3. In an action for death of an employee caused by such negligence, contributory negligence of the deceased other than assumption of the risk may be shown and may constitute a defense.

4. Where in an action for death the question whether decedent was guilty of contributory negligence as a matter of law is under the evidence extremely close, the appellate court must place considerable reliance upon the decision of the trial court.

5. Contributory negligence of the decedent is *held* not to have been conclusively established in this case, there being evidence from which the jury might infer that at the time he fell into an opening in the top of a vat containing hot water the steam arising therefrom was so dense that he became confused or partially lost his way. BARNES and MARSHALL, JJ., dissent.

6. Evidence that after the accident defendant placed guards around the opening was not competent to show negligence in not having it guarded at the time of the accident, but when offered merely to show that it was feasible to place such guards was competent and was properly admitted as part of plaintiff's case in chief.

7. Failure to instruct the jury that such evidence was no proof of defendant's negligence was not error in the absence of a request for such instruction.

8. Contributory negligence is an affirmative defense and the burden of establishing it is upon the defendant whether the evidence to establish it be given by witnesses for plaintiff or for defendant. *Achtenhagen v. Watertown*, 18 Wis. 331, distinguished.

9. In an action for death involving the question of decedent's contributory negligence, evidence that he had been intoxicated on former occasions was inadmissible.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Affirmed.*

This action was brought to recover damages for the death of plaintiff's intestate and resulted in a verdict and judgment for plaintiff, from which this appeal is taken.

On December 24, 1907, about 10 o'clock in the forenoon, the deceased walked into an open tank of hot water at appellant's plant and met his death in consequence thereof. The tank was thirty-three feet wide and fifty-two feet long, and was divided into three compartments, each ten feet by fifty-two feet, and the water therein was eight feet deep. There was no roof over the tank and it was covered with two-inch plank. In each of the compartments and extending lengthwise thereof there were five trap doors, each seven feet

long and three feet four inches wide. These trap doors were kept closed except when the compartment, of which they furnished a partial covering, was being emptied or filled. Each compartment held a day's supply of bolts for the factory. The contents of one was being manufactured while another was being filled, and in the third bolts were being boiled preparatory to manufacture. The bolts were carried from the vat into the factory by an endless chain, which, together with a runway leading thereto, extends about sixteen feet from the factory proper. As the bolts were being manufactured the same were pushed onto the endless chain; those nearest the chain being first taken. As the process of emptying the compartment continued, it was necessary to keep raising the trap doors extending toward the rear end of the vat, so as to push the blocks onto the chain.

On the morning in question the middle compartment was being emptied, and the three trap doors therein nearest the endless chain were open, and two men were at work in pushing the bolts onto the chain. The deceased stepped into the opening farthest from the endless chain and nearest the rear end of the vat. He had been working at the plant for six months. His work consisted principally in rolling the bolts, as they were sawed, into the vats, and in taking the trimmings and short pieces of waste from the logs as they were cut into bolts and placing them in a pile at the rear or west end of the vat. On the morning of his injury the deceased was engaged principally in removing the waste material. The compartment nearest the mill was being filled and the bolts were being carried into this portion of the vat by force of gravity. The trap door into which the deceased fell had been open about an hour before the accident. It was necessary for the deceased in carrying away the refuse to pass over the middle compartment and over one of the trap doors therein. The direct line between the point from which he took the refuse and the place where he deposited it would

be about four feet from the open trap door. The point where he actually stepped into the vat is not definitely established, but the evidence tending to show that it was about seven feet out of the direct line of travel is reasonably satisfactory and is not disputed. The distance the refuse was carried was twenty-five feet. During the hour that the trap door was open, deceased in carrying the refuse passed by the open space in the neighborhood of forty times and within a very few feet of the same. He was making his return trip after having deposited a block in the rear end of the vat when he fell in. He was thoroughly familiar with the manner in which the work was conducted. He and the two men employed to push the bolts onto the endless chain were the only men employed on the top of the vat.

There was evidence tending to show that at times there was considerable steam issuing from the openings, occasioned by the lifting of the trap doors, as well as some steam escaping through the cracks. At times it appeared to be quite dense and would then clear away for a short interval. The evidence leaves the impression that, while there was more or less steam escaping all the time, there were times when the vat was comparatively free from it; while at other times it apparently settled and beclouded the vat.

Appellant urges that the court erred (1) in refusing to grant a nonsuit; (2) in refusing to direct a verdict; (3) in instructing the jury; (4) in ruling on evidence; (5) in refusing to change the answers of the jury to two questions in the special verdict; (6) in refusing a new trial; and (7) in ordering judgment for respondent.

For the appellant there was a brief by *Lamoreux, Shea & Cate,* and oral argument by *C. A. Lamoreux.*

*G. N. Risjord,* for the respondent.

The following opinion was filed April 20, 1909:

BARNES, J. This appeal involves the following questions: (1) Was the defendant negligent? (2) Was decedent guilty

of contributory negligence? (3) Was it error to permit the plaintiff to show that the openings in the top of the vat were guarded after the accident? (4) Did the court err in charging the jury that the burden of proof was upon the defendant to establish the defense of contributory negligence?

1. The only ground of negligence on the part of the defendant that it is claimed existed was its failure to surround the open spaces, left in the top of the vat by the raising of the trap doors therein, with suitable barriers or safeguards for the protection of its employees, as required by sec. 1636$j$, Stats. (1898). There can be little doubt that the open unguarded trap door created a situation of danger for employees working around the opening, and it was a question for the jury to determine on the evidence whether such openings could be guarded without unreasonably interfering with the work that was being carried on, and which could not be performed with the doors closed. *Van de Bogart v. Marinette & M. P. Co.* 132 Wis. 367, 112 N. W. 443; *Kreider v. Wis. River P. & P. Co.* 110 Wis. 645, 657, 86 N. W. 662. In the latter case it is said that most of the cases arising under sec. 1636$j$, where there is a failure to guard, leave the question of breach of duty on the part of the employer to the jury, unless there is no room for conflicting inferences. This court cannot hold as a matter of law that there was not sufficient evidence of negligence on the part of the defendant to carry the case to the jury. The jury having found that the defendant was negligent in failing to provide guards as required by the statute referred to, the question of assumption of hazard by the deceased is not in the case, although other phases of contributory negligence might be shown and might constitute a defense. *Klotz v. Power & M. M. Co.* 136 Wis. 107, 116 N. W. 770.

2. The deceased had been employed on top of this vat for six months and had passed by and a short distance from the open trap door forty or fifty times within the hour immediately preceding the accident, so that he was thoroughly

familiar with his surroundings and with the fact that the trap door was open and with the danger to be apprehended therefrom. The question as to whether the deceased should not be held to have been guilty of contributory negligence as a matter of law is extremely close, and is therefore one on which considerable reliance must be placed upon the decision of the trial court who heard the testimony. *Powell v. Ashland I. & S. Co.* 98 Wis. 35, 73 N. W. 573; *Bohn v. Racine,* 119 Wis. 341, 343, 96 N. W. 813; *Nicoud v. Wagner,* 106 Wis. 67, 72, 81 N. W. 999; *Collins v. Janesville,* 117 Wis. 415, 423, 94 N. W. 309. This court is of the opinion that there was evidence from which the jury might infer that the steam was so dense that the deceased became confused or partially lost his way in making his return trip, and walked into the opening without being able to see it because of the steam, or that, because of his inability to see, he deviated from his regular course of travel, believing, however, that he was pursuing it, and that it should not be here held as a matter of law that the deceased failed to exercise ordinary care. The writer of this opinion does not concur in this view, and thinks that the court should have directed a verdict for the defendant because decedent's negligence was conclusively established.

3. The plaintiff, before resting her case, was permitted to show that after the accident the defendant placed guards around the opening caused by the opening of the trap doors. As proof tending to show negligence this evidence was incompetent and its receipt would be reversible error. *Castello v. Landwehr,* 28 Wis. 522; *Lang v. Sanger,* 76 Wis. 71, 44 N. W. 1095; *Anderson v. C., St. P., M. & O. R. Co.* 87 Wis. 195, 58 N. W. 79; *Kreider v. Wis. River P. & P. Co.* 110 Wis. 645, 86 N. W. 662; *Odegard v. North Wis. L. Co.* 130 Wis. 659, 110 N. W. 809. A jury would very naturally construe the action of the defendant in placing guards in position after the accident as an admission on its part that the dangerous place was not properly or sufficiently

guarded before. Such an inference might be altogether wrong, because, as is said in the cases cited, if such an inference were permissible, "the fact that a person at a certain time commences using and exercising *extraordinary* care in a given case may be used against him to prove that before such time he had failed to use *reasonable* and *ordinary* care." *Castello v. Landwehr, supra; Lang v. Sanger, supra; Anderson v. C., St. P., M. & O. R. Co., supra.* Proof that an alleged danger was guarded against after an accident happened might well be considered by the jury as convincing evidence of existing negligence before the repair was made.

The accuracy of this rule is not questioned by the respondent, but it is argued that it is not applicable here because the evidence was offered, not to show negligence, but to show that it was feasible to place a guard around the opening. In *Redepenning v. Rock,* 136 Wis. 372, 117 N. W. 805, this court held that evidence of subsequent repair to a highway might be offered to rebut the contention of the defendant town that the notice of injury served was so indefinite as to the location of the defect complained of that the town was misled by it. We entertain no doubt that, if the defendant had offered proof to show that it was not practicable to guard the open space in the vat, such evidence might be rebutted by showing that defendant had in fact guarded it. The evidence offered tended to show that the opening into which decedent fell might have been guarded. This fact might just as well have been proved by other evidence, and the real question is, Should the plaintiff have been permitted to offer the evidence as part of her proof before resting her case, it being admittedly incompetent for some purposes? Under the decisions in *Grundy v. Janesville,* 84 Wis. 574, 578, 54 N. W. 1085, and *Baltimore & P. R. Co. v. Cumberland,* 176 U. S. 232, 236, we shall have to hold that the evidence offered was competent, the purpose of the offer being restricted. In the *Grundy Case,* as here, the objectionable evidence was introduced as part of plaintiff's case in chief, as an examination

of the printed case shows.  Had defendant requested the court to charge the jury that such evidence was no proof of negligence on its part, it would have been error to refuse to so charge.  No request having been made, it was not error for the court to omit the giving of any instruction on the subject.  *McCoy v. Milwaukee St. R. Co.* 88 Wis. 56, 59 N. W. 453.

4.  Contributory negligence was an affirmative defense, and there was no error in charging the jury that the burden of proof was on the defendant to establish it by a preponderance of the evidence.  *Gill v. Homrighausen,* 79 Wis. 634, 48 N. W. 862; *Hoye v. C. & N. W. R. Co.* 67 Wis. 1, 29 N. W. 646; *Kelly v. C. & N. W. R. Co.* 60 Wis. 480, 19 N. W. 521; *Randall v. N. W. Tel. Co.* 54 Wis. 140, 11 N. W. 419.  It is immaterial whether the evidence establishing such negligence is given by the witnesses for the plaintiff or the defendant.  The case of *Achtenhagen v. Watertown,* 18 Wis. 331, relied on by appellant as establishing a different rule, simply holds that where the evidence offered in plaintiff's behalf raises an inference of contributory negligence he cannot recover unless he establishes a *prima facie* case showing that he was not negligent.

We think there was no error committed in refusing to admit evidence showing that the decedent had been intoxicated on former occasions.  The evidence tending to show that he was under the influence of stimulants on the morning of the accident is very shadowy.

*By the Court.*—Judgment affirmed.

MARSHALL, J. (*dissenting in part*).  I dissent from the decision that the deceased was not guilty of contributory negligence as a matter of law.  I concur with the writer of the court's opinion on that subject.

A motion for a rehearing was denied October 5, 1909.