MOREY, by guardian *ad litem,* Appellant, vs. LAKE SUPERIOR TERMINAL & TRANSFER COMPANY, Respondent.

*April 10—May 2, 1905.*

Res adjudicata: *Railways: Negligence: Personal injuries: Crossing accidents: Pleading: Proximate cause: Contributory negligence.*

1. On appeal from an order sustaining a demurrer the supreme court is confined to the record and proceedings in the instant case; and where there is nothing in the record to show that it was the same cause of action embraced in a judgment of the supreme court on appeal in another action, there is no question of *res adjudicata* involved.

2. When a complaint charged defendant with ordinary negligence, and then characterized the conduct of defendant's employees as "reckless, wanton, and unlawful," without clearly indicating whether or not it was intended to charge an intentional wrong,

and counsel for both parties assumed that the complaint charged a cause of action for ordinary negligence, it will be so treated.

3. It appeared from the allegations of a complaint, among other things, that defendant negligently ran its train over a crossing at an illegal rate of speed, that it negligently omitted to give the required signals of warning to persons near or upon the crossing, and that it failed to keep a lookout for the purpose of avoiding collision. It was further alleged that plaintiff, lawfully traveling over a railway crossing at which there were several tracks, exercised the precaution of looking and listening for approaching trains before attempting to pass over the first track; that he so looked and listened while crossing over the second track through an opening between freight cars which obstructed his view of the crossing; that as he emerged from between the cars and was at a point fourteen feet from the track on which the train struck him, he looked to the west for a distance of half a block to a block and saw no moving train and heard no noise or signal or warning; that he turned and looked to the east to see if any train or engine was approaching, and, while making this observation, proceeded on his course to a point between three and four feet from defendant's track, when he again turned and looked to the west, and saw a train, distant about 125 feet, coming toward him at a high and dangerous rate of speed; and that such fast and perilous running of the train and its sudden approach without warning so frightened him as to produce unconsciousness and consequent helplessness, which caused him to fall on the ground toward the track, and to be injured. *Held*, that the consequences of the alleged wrongful conduct of defendant were not of such an extraordinary and unusual character that they should be ruled as not within the range of probabilities in the affairs of life, and that the facts stated in the complaint were sufficient to constitute actionable negligence.

4. In such case it cannot be said, as matter of law, that plaintiff was guilty of contributory negligence.

5. In actions for negligence it is not required that the "specific" injury or "such" injury as is complained of was or ought to have been specifically anticipated as the natural and probable consequence of the wrongful act. It is sufficient if the facts and circumstances are such that the consequences attributable to the wrongful conduct charged are within the field of reasonable anticipation, and that such consequences might be the natural and probable result thereof, though they may not have been specifically contemplated or anticipated by the person so causing them.

APPEAL from an order of the superior court of Douglas county: CHARLES SMITH, Judge. *Reversed.*

This is an action to recover damages for personal injuries. The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. It is alleged that the defendant is a corporation organized under the laws of this state and operating a railroad in the city of Superior; that plaintiff, a boy of the age of twelve years at the time of the accident, did then reside and now resides in the city of Superior; that defendant's railroad tracks run east and west within the city, between Eighth and Ninth streets and across Cummings, Baxter, and Lamborn avenues, near to and directly south of the Chicago, St. Paul, Minneapolis & Omaha Railway Company's tracks. The complaint, in describing the tracks across the avenues in question, states that the most northerly track runs parallel to and near Eighth street, designated as Omaha track No. 1; about twenty feet south of and parallel to this track is Omaha track No. 2; about seven feet south of this track is Omaha track No. 3; about seven feet south of this track lies defendant's track, designated as Terminal track No. 1; and about seven feet south of this is defendant's Terminal track No. 2. The avenues are alleged to be about 300 feet apart. Baxter avenue lies midway between Cummings avenue on the west and Lamborn avenue on the east. The complaint states that a coal shed extending from Baxter to Lamborn avenue is located north of Omaha track No. 1; that between Omaha track No. 1 and Omaha track No. 2, and west of and abutting on Baxter avenue, there is a dwelling-house; that between Omaha track No. 2 and Omaha track No. 3, between Baxter and Lamborn avenues, there is a lumber yard with sheds; and that Omaha track No. 2 had freight or box cars upon it at the time of the accident, covering the whole track from Cummings avenue to Lamborn avenue, with an opening for the crossing on Baxter avenue. It is averred that as

plaintiff, going toward the south to his home at the time in question, approached the crossing on Baxter avenue, the coal shed, dwelling-house, lumber and sheds, and the box cars on Omaha track No. 2 completely shut off and obstructed his view of defendant's Terminal track No. 1 until he had passed the box cars on Omaha track No. 2. The complaint further states that at about the hour of 11 o'clock in the forenoon of September 14, 1901, plaintiff walked along Baxter avenue, reached this crossing from the north, and attempted to cross over the tracks; that when he approached the crossing he was unable to look east or west over defendant's Terminal track No. 1 on account of these obstructions, but that he listened for signals by whistle or ringing of bells, and for train noises, which he alleges could have been heard if given or made; that he heard no noise or signals, and then proceeded south on the avenue to cross the tracks; that, when he emerged from between the box cars on Omaha track No. 2, he looked to the west along Omaha track No. 3 and defendant's Terminal track No. 1, and had a clear view of from one half of a block to a block, and he saw no train or engine within this distance approaching over either track, and that he listened and heard no train or bells or whistle; that he then turned to the east to look for approaching trains or engines in that direction, and proceeded on his walk southward until he reached a point about midway between Omaha track No. 3 and defendant's Terminal track No. 1, this occupying only a few seconds in time; that he heard no noise or signal of an approaching train from either direction; that he then and there stopped, and again turned to look to the west, when about 125 feet west he suddenly saw a train coming toward him on defendant's Terminal track No. 1 at the high and unlawful speed of about twenty miles per hour, without having given any signal by ringing the bell or blowing the whistle; that, on account of not having been warned of its sudden approach at such a frightful and dangerous rate of speed, he

became shocked with fear, producing unconsciousness and loss of control over his actions, which caused him to fall to the ground toward the track; and that as he fell his left leg and foot were placed across the north rail of defendant's track, were struck by the train, and so injured as to necessitate an amputation. The court sustained the demurrer to the complaint. This is an appeal from the order.

For the appellant there was a brief by *Samuel A. Anderson* and *Crownhart & Foley,* and oral argument by *Mr. Anderson.*

For the respondent there were briefs by *J. A. Murphy* and *Heber McHugh,* and oral argument by *Mr. McHugh.*

SIEBECKER, J. It is strenuously urged by the defendant that this action cannot be maintained because the cause of action pleaded is covered and concluded by a judgment of this court on an appeal in a former action, and that therefore the rule of *res adjudicata* applies to all questions involved in this case. This action is wholly independent of and in no way connected with the other and former action referred to. Nothing in the case shows that it is the same cause of action as is embraced in the judgment so relied on. It appears that this is an original action, which has not been before this court, and that it has never been prosecuted to judgment in the trial court or in this court. On this appeal we are confined to the record and proceedings in this case, and therefore no question of *res adjudicata* is involved.

In stating the facts the pleader employed language which somewhat confuses the purpose of the complaint. The terms employed charge the defendant with ordinary negligence in the management and conduct of its business in running the train in question, and then characterizes the conduct of the persons in charge of the engine as "reckless, wanton, and unlawful," without clearly indicating whether or not it is intended to charge an intentional wrong. This form of

pleading has been the subject of discussion in the recent
cases of *Wilson v. Chippewa Valley E. R. Co.* 120 Wis. 636,
98 N. W. 536; *Turtenwald v. Wis. L. I. & C. Co.* 121 Wis.
65, 98 N. W. 948, and *Rideout v. Winnebago T. Co.* 123
Wis. 297, 101 N. W. 672, and been held to be improper and
open to a motion for indefiniteness. It seems that it was in-
tended to state but one cause of action, and, in determining
the question raised by the demurrer, it is therefore necessary
to declare what cause of action is pleaded. Counsel for both
parties have assumed that the complaint charges a cause of
action for ordinary negligence. This construction, under the
above cases, precludes all claim that it states a cause of ac-
tion for a wilful injury, and we shall so treat it.

It is contended that under the facts stated in the complaint
it appears as a matter of law that the negligence charged was
not the proximate cause of the injury. The specific grounds of
negligence charged are that defendant negligently ran its train
over the crossing at an illegal rate of speed; that it negli-
gently omitted to give the required signals by ringing the bell
or blowing the whistle to give warning to persons near or
upon the crossing; and that in running its train across the
street in question it negligently failed to keep a lookout for
the purpose of avoiding collision with persons or vehicles
using the same. Liability is asserted under these facts upon
the ground that such acts of negligence caused the plaintiff
to become unconscious and helpless from fright at the un-
expected and sudden danger, and that such negligence,
through this unconsciousness and helplessness, produced the
injuries complained of. Since it must be held that the com-
plaint alleges a cause of action for ordinary negligence only,
we cannot perceive how, in any aspect of the situation, the
alleged failure to keep a proper lookout could be found to be
the proximate cause of the injury, in view of the claim that
plaintiff's helpless condition and consequent injury were
caused by the unlawful speed of the train and the failure to

give him any warning of its sudden approach. The allegations of negligence upon this subject are not essential to the cause of action alleged and upon which plaintiff relies. The failure to give signals at the crossing of the approach of the train, and the running of the train at an unlawful rate of speed within the city, are recognized by the decisions of this court as negligent management of defendant's business. See *Brown v. C. & N. W. R. Co.* 109 Wis. 384, 85 N. W. 271; *Williams v. C., M. & St. P. R. Co.* 64 Wis. 1, 24 N. W. 422; *Hoye v. C. & N. W. R. Co.* 62 Wis. 666, 23 N. W. 14; *Eilert v. G. B. & M. R. Co.* 48 Wis. 606, 4 N. W. 769; *Bower v. C., M. & St. P. R. Co.* 61 Wis. 457, 21 N. W. 536. The question is, Do these alleged wrongful acts constitute actionable negligence? The defendant's demurrer challenges such a claim, and avers that such negligence was not the proximate cause of the injury, for the reason that a person of ordinary intelligence and prudence could not reasonably be held to foresee that a personal injury to another might probably follow from such alleged negligent conduct. A discussion of what constitutes proximate cause in negligence cases has been fully covered by former decisions of this court. See *Kellogg v. C. & N. W. R. Co.* 26 Wis. 223; *Atkinson v. Goodrich Transp. Co.* 60 Wis. 141, 18 N. W. 764; *Deisenrieter v. Kraus-Merkel M. Co.* 97 Wis. 279, 72 N. W. 735; *Meyer v. Milwaukee E. R. & L. Co.* 116 Wis. 336, 93 N. W. 6; *Fehrman v. Pine River,* 118 Wis. 150, 95 N. W. 105. These cases are to the effect that "the efficient cause [is] that which acts first, and produces the injury as a natural and probable result, under such circumstances that he who is responsible for such cause, as a person of ordinary intelligence and prudence, ought reasonably to foresee that a personal injury to another may probably follow from such person's conduct." *Deisenrieter v. Kraus-Merkel M. Co., supra.* Such responsible causation is not dependent on time, distance, or a mere succession of events. It is the cause that acts first, and, either

immediately or through other intervening agencies put in operation by it, produces the final result. From this it follows that if any event is produced by independent intervening circumstances, not put in operation by the wrongful acts alleged as the cause of an injury, no legal responsibility attaches, for the reason that "whenever a new cause [independent intervening circumstance] intervenes which is not a consequence of the first wrongful cause, which is not under the control of the wrongdoer, *which could not have been foreseen by the exercise of reasonable diligence by the wrongdoer,* and except for which the final injurious consequences would not have happened, then such injurious consequences must be deemed too remote to constitute the basis of a cause of action." *Atchison, T. & S. F. R. Co. v. Stanford,* 12 Kan. 354; *Schumaker v. St. P. & D. R. Co.* 46 Minn. 39, 48 N. W. 559; *Borchardt v. Wausau B. Co.* 54 Wis. 107, 109, 11 N. W. 440. Upon this question defendant's argument in the instant case is that, in the light of the attending circumstances, the sudden fright of plaintiff and his consequent helpless condition, if produced by the unlawful and reckless approach of the train, was a consequence which could not reasonably have been foreseen and anticipated by a person of ordinary intelligence and prudence, and that it must follow as a matter of law that no actionable negligence is charged. We cannot so regard the situation presented by the facts alleged in the complaint. The complaint avers that plaintiff was lawfully traveling over the crossing; that he exercised the precaution of looking and listening for approaching trains before attempting to pass over the first track; that he so looked and listened while crossing over the second track through an opening between freight cars which obstructed his view of the crossing; that as he emerged from between the cars and was at a point about fourteen feet from the track where the train struck him, he looked to the west for a distance of from one half of a block to a block and saw no mov-

ing train and heard no noise or signal or warning by whistle or bell of an approaching train; that he turned and looked to the east to see if any train or engine was approaching, and, while making this observation, proceeded on his course to a point between three and four feet from defendant's track, when he again turned and looked to the west, and saw a train, distant about 125 feet, coming toward him at a high and dangerous rate of speed; and that such fast and perilous running of the train and its sudden approach without warning so frightened him as to produce unconsciousness and consequent helplessness. Are these alleged consequences of the wrongful conduct of defendant clearly of such an extraordinary character that it must be said as a matter of law that they could not reasonably have been foreseen and anticipated by a person of ordinary intelligence and prudence in the light of the attending circumstances? This must be answered in view of the common knowledge on the subject acquired from experience in life under like and similar circumstances. We are persuaded that they are not of such an extraordinary and unusual character that they should be held as not within the range of probabilities in the affairs of life, and that the facts stated in the complaint are sufficient to constitute actionable negligence.

The suggestion that it is beyond reasonable probability that the *specific* injury might have been anticipated does not meet the question. It is not required that the "specific" injury or "such" an injury as is complained of was or ought to have been specifically anticipated as the natural and probable consequence of the wrongful act. It is sufficient if the facts and circumstances are such that the consequences attributable to the wrongful conduct charged are within the field of reasonable anticipation; that such consequences might be the natural and probable results thereof, though they may not have been specifically contemplated or anticipated by the person so causing them. *Mauch v. Hartford,* 112 Wis. 40, 87 N. W.

816; *Meyer v. Milwaukee E. R. & L. Co.* 116 Wis. 336, 93 N. W. 6; *Deisenrieter v. Kraus-Merkel M. Co.* 97 Wis. 279, 72 N. W. 735, and cases cited in opinion; *Atchison, T. & S. F. R. Co. v. Stanford,* 12 Kan. 354; *Campbell v. Stillwater,* 32 Minn. 308, 20 N. W. 320; *Motey v. Pickle M. & G. Co.* 74 Fed. 155, 20 C. C. A. 366.

The question whether plaintiff was guilty of a want of ordinary care, under the facts and circumstances alleged, which contributed to produce the injury complained of, is one for the jury. The allegation that plaintiff stopped to look and listen before attempting to cross the tracks and again while in the act of crossing over the tracks, and that he saw no train approaching when he last looked, and heard no noise or signal of an approaching train or engine until he suddenly saw the train approach under the circumstances alleged, which caused him to fall and become helpless through defendant's wrongful conduct, presents a situation of which we cannot say, as matter of law, that his conduct is so variant from that of ordinarily prudent persons as to constitute negligence *per se. Bohn v. Racine,* 119 Wis. 341, 96 N. W. 813.

*By the Court.*—The order appealed from is reversed, and the cause remanded with directions to enter an order overruling the demurrer, and for other proceedings according to law.