HEIN, Appellant, vs. MILDEBRANDT, Respondent.

*February 1—February 18, 1908.*

*Sales: Written notice of defects: Waiver: Principal and agent: Evidence of agency: Demonstrative evidence: Trial: Remarks of trial judge: Prejudicial error: Conduct of counsel: Examination of witnesses: Leading questions: Conclusions of witness: Instructions to jury: Verdict: New trial.*

1. Under a contract for the sale of machinery providing that if, on starting the machinery, it should not work well, immediate written notice must be given to the "local selling agent of whom it was purchased," and reasonable time allowed to get to it and remedy the defects, written notice is not necessary where the seller acts upon verbal notice and attempts to remedy the defects.

2. In an action on a contract for the sale of machinery which provided for immediate written notice of defects to the "local selling agent of whom it was purchased," under the evidence, stated in the opinion, it is *held* that a finding that the plaintiff was such agent should not be disturbed.

3. In an action on a contract for the sale of machinery it appeared that the buyer returned the machine to the residence of plaintiff, an agent of the seller, and delivered it to plaintiff's wife. On the trial there was an issue as to the identity of the machine produced on the trial with the one delivered to plaintiff's wife. *Held:*

   (1) It was competent to show that the machine delivered to plaintiff's wife by the defendant was the same machine she turned over to her husband.

   (2) When defendant left the machine with plaintiff's wife in the absence of her husband and for her husband, for the pur-

pose of delivering the same to her husband, defendant made the wife the agent of her husband.

(3) Under such situation the wife might testify as to what took place at the time the defendant left the machine with her.

(4) It was competent for the plaintiff to show what the wife did by way of turning the machine over to her husband.

(5) It was not error to exclude answer to the question: "What machine did [defendant] leave on the place?"

4. Where counsel was persistent in putting substantially the same question to a witness several times in succession after it had been ruled improper, an admonition of the trial judge, stated in the opinion, is *held* to present no element of prejudicial error.

5. A question asked a witness, "You acted as assistant of K.?" is leading and objectionable on that ground.

6. A question asked a witness, "Whose duty was it to set up and start machines and see that they worked properly?" under the issues, stated in the opinion, is *held* objectionable as calling for a conclusion.

7. Where it appeared that a witness has been thoroughly examined by direct and cross-examination and that the witness was one of the agents who sold a machine to the defendant, under the evidence, stated in the opinion, it is not error to refuse an offer to show by the witness that it was no part of his duty to place in order or repair machines about which complaints were made.

8. Such testimony is also immaterial under a holding that the witness was the local selling agent who made the sale.

9. Where, in an action for the purchase price of a machine, it appeared that the purchaser in case of defects was to render "necessary and friendly assistance," a phrase used by the trial court in its instructions to the jury, "with such proper assistance from the defendant as was necessary," is *held* broad enough to cover and include what was intended by the words of the contract and to have been so understood by the jury.

10. In an action for the price of a machine sold under a warranty that it would do "good work" if used according to printed directions, an instruction, "The questions are whether the machine was of good material and well made and did good work with proper management when set up and operated according to the printed directions given with it," is *held* sufficient.

11. In an action for the price of a machine sold under a warranty providing that in case the machine was defective the seller should have written notice and reasonable time to remedy the defects, where the written notice had been waived, it is not error to fail to state the period from which the reasonable time to remedy the defects should be computed, since it was clear

from the evidence and the charge, stated in the opinion, that such time should be computed from the time when the seller's agent examined and operated the machine with a view of ascertaining whether it was defective.

12. In such case instructions to the jury, stated in the opinion, are *held* not open to the criticism that they authorized the jury to find that the warranty might be changed or the reasonable time abridged.

13. In such case it is *held* that requested instructions, stated in the opinion, were properly refused.

14. In such case, it appearing that there had been a fair trial, it was *held* that the court did not err in refusing to set aside the verdict and grant a new trial.

Appeal from a judgment of the circuit court for Green Lake county: Chester A. Fowler, Circuit Judge. *Affirmed.*

This action was brought to recover the value of a cream separator alleged to have been sold by the Vermont Farm Machine Company to respondent. The contract and all claims thereunder were assigned to the appellant, *August F. Hein.* The contract contains the following provisions:

"The Improved U. S. Separators are sold under the guarantee that when used according to the printed directions they will have the capacities per hour stated in the price lists in catalogues, depending upon the season of the year and the condition of the milk, and to do such thorough separating as to leave an average of one tenth or less of one per cent. of fat in the skim milk, as shown by the Babcock Test. All Improved U. S. Separators are warranted to be well made, and of good material, and to do good work with proper management when set up and operated as per printed directions. If, upon starting the separator, it should not work well, immediate written notice must be given to the local selling agent of whom it was purchased, and reasonable time be allowed to get to it and remedy the defects, if any. (The purchaser rendering necessary and friendly assistance.)"

The defense was substantially breach of warranty and the case was tried upon that issue. The jury returned a general verdict in favor of the defendant. A motion for a new trial

was denied and judgment given upon the verdict in favor of respondent, from which this appeal was taken.

For the appellant there were briefs by *F. E. Clark,* attorney, and *John J. Wood, Jr.,* of counsel, and oral argument by *Mr. Clark.*

*D. W. McNamara,* for the respondent.

KERWIN, J. 1. Whether it was established as matter of law that *Hein* was the local selling agent within the meaning of the contract of sale and made the sale to respondent is the only serious question on this appeal. The refusal of the court to leave this question to the jury is the principal error complained of by appellant. The contract provided, as appears from the statement of facts, that if upon starting the separator it should not work well immediate written notice must be given to the "local selling agent of whom it was purchased, and reasonable time be allowed to get to it and remedy the defects, if any." In *Kingman & Co. v. Watson,* 97 Wis. 596, 73 N. W. 438, this court held, under a provision in effect the same as the above, that a written notice was not necessary provided the company acted upon verbal complaint and attempted to remedy the defect, and that such action on the part of the company waived the requirements of the written notice. It is established without dispute that complaint was made to *Hein* and he undertook to remedy the defects complained of. The question of whether a reasonable time elapsed after such verbal complaint and effort on the part of *Hein* to remedy the defect was submitted to the jury, and under the general verdict found upon sufficient evidence in favor of the respondent. But it is claimed on behalf of appellant that *Hein* was not the local selling agent who sold the separator to respondent, or in any event that that question should have been submitted to the jury. If *Hein* was not the local selling agent who made the sale within the meaning of the contract, there can be no doubt that

there was no waiver of the written notice and the respondent could not recover. It appears from the evidence that the appellant had a salesman named B. T. Klugel, whose name appears on the contract made between appellant and respondent and who is designated therein as "salesman." The contract, however, did not provide that B. T. Klugel was the local selling agent or a selling agent, but the entry "Salesman, B. T. Klugel" appears not in the body of the contract, but at the left-hand corner below the date and signature of the respondent and underneath the words "Please ship the above order and charge to me or us on regular terms." In the body of the contract it is provided that the separator shall be shipped to *A. F. Hein*, so there is nothing in the contract sufficient to show that Klugel was a local selling agent. Mr. Klugel testified that he was a salesman for the Vermont Farm Machine Company and that he took a contract for the sale of a separator to respondent, and that he had the machine with him and delivered it on the 26th day of July, 1905, and that the machine in question and before the jury was the machine delivered, and that he set it up the next day; that *Mr. Hein* was with him at the time. This is substantially the testimony on the part of the appellant respecting the question of whether Klugel was the local selling agent and the person who sold the separator to respondent. On the other hand it appears from the testimony that *Hein* lived in the same town with respondent and had been before the time of the alleged sale in question selling these machines in the neighborhood of respondent for the Vermont Farm Machine Company; that he was in respondent's house several times respecting this machine after he says he sold it to respondent. The evidence shows that prior to the time of sale he had similar machines shipped to him, including the one sold to respondent, by the company. It also appears that he was present with Klugel at the time the machine was delivered and also that he and Klugel set it up. The foregoing is in

substance the evidence respecting who was the local selling agent who made the sale, and it will be seen that there is little, if any, conflict, except in so far as possible conflicting inferences might be drawn from it. The writer is of the opinion that the inferences which might be drawn from the whole testimony are sufficiently conflicting to make the question one for the jury, but the majority of the court think otherwise, and the court is therefore of the opinion that, under the rule of deference which should be accorded to the decision of the trial court upon questions of fact, the holding that it was established as matter of law that *Hein* was the local selling agent who made the sale to respondent should not be disturbed. *Powell v. Ashland I. & S. Co.* 98 Wis. 35, 38, 73 N. W. 573; *Pumorlo v. Merrill,* 125 Wis. 102, 103 N. W. 464; *McCune v. Badger,* 126 Wis. 186, 105 N. W. 667; *Collins v. Janesville,* 117 Wis. 415, 94 N. W. 309. Stress is placed by counsel for appellant upon the fact that Klugel's name appeared upon the contract as salesman and that he obtained the written contract from respondent. But this does not establish by any means that he was a local selling agent or even that he made the sale to respondent. The testimony is undisputed that *Hein* was with him when the machine was delivered and also when it was set up; that *Hein* received shipments of similar machines and was engaged in selling them and lived in the same town with respondent—all of which testimony would very strongly characterize *Hein* as a local selling agent. There is no doubt from the evidence but that Klugel had authority to close a contract and was undoubtedly a salesman; but there is no direct evidence that he was a local selling agent nor that *Hein* was not a local selling agent, and in fact all of the testimony goes to show that *Hein* was what might be termed a local selling agent.

2. Counsel for appellant discusses some twenty assignments of error, but many of them are rendered immaterial

and unnecessary to treat in view of the holding of the court to the effect that *Hein* was the local selling agent and that the notice required by the contract was waived. We shall briefly refer to the assignments of error in so far as they relate to other questions. The evidence shows that notice of the failure of the machine to work according to the contract was brought to the attention of *Hein,* and that in an effort to remedy the same he removed the bowl, which was the principal part of the working apparatus of the machine, and replaced it with another, and attempted to remedy the alleged defect; that afterwards the respondent returned the machine to the residence of *Hein* in his absence and delivered it to Mrs. Hein. The following question was put to Mrs. Hein: "What machine did *Mr. Mildebrandt* leave on the place?" The court permitted this question to be answered and afterwards ordered the answer stricken out, which ruling is complained of. It is insisted by appellant that Mrs. Hein, being the agent of her husband for the purpose of receiving the property, should have been allowed to answer the question. A question arose upon the trial as to the identity of the separator which was produced and whether it was the same one delivered to Mrs. Hein, and it is claimed by appellant that it was competent to show by Mrs. Hein what property of his she had in her possession. There can be no doubt but that the appellant should have been permitted to show that the machine delivered to Mrs. Hein by respondent was the same machine which she turned over to her husband. She was the agent, if agent at all, for the purpose only of receiving the machine for her husband and to prove that the machine she did receive from respondent she passed into the possession of her husband. The court below held that when the respondent left the machine with Mrs. Hein in the absence of her husband and for her husband, that, for the purpose of delivering the same to her husband, he made her the agent of her husband, and that she might testify as to what took

place at the time he left the machine with her.   We think
the ruling of the court below was right.   From the record
it is obvious that the purpose of the appellant was to obtain
testimony through his wife as to whether the machine be-
fore the jury was the same machine which respondent de-
livered to her, and not for the purpose of showing that the
machine which was delivered to her was turned over to her
husband.   The court expressly ruled that appellant might
show what Mrs. Hein did with the machine by way of turn-
ing it over to her husband.   Looking into the whole record
upon the subject we are satisfied that no error was committed
in striking out the answer of Mrs. Hein complained of.
*Hale v. Danforth,* 40 Wis. 382, 385 ; *Goesel v. Davis,* 100
Wis. 678, 76 N. W. 768.

Error is also assigned because of language used by the
court in a colloquy between the court and counsel for appel-
lant.   The language complained of was an admonition com-
ing from the court to the effect that after the court had ruled
twice with reference to a certain question it was unprofes-
sional and uncourteous for appellant's counsel to persist in
putting the question for the purpose of procuring an answer
considered improper by the court, and that counsel had the
record covering the point completely and that he must not
offend in that way again.   It appears from the record that
counsel did persist in putting substantially the same question
several times in succession after it had been ruled improper.
Without prolonging the discussion upon this point we think
it clear that there was no prejudicial error in the language
used under the circumstances, but on the contrary that the
purpose of the court was to confine counsel within proper
limits and to prevent him from persistently endeavoring to
draw out evidence from the witness after rulings of the
court that the same was improper.

Error is also assigned because the court refused to allow
*Hein* to answer the following question : "You acted as assist-

ant of Mr. Klugel?" and also in sustaining an objection to the following: "Whose duty was it to set up and start machines and see that they worked properly?" The first question was clearly improper as being leading, the second was objectionable as calling for a conclusion, and objections to both were properly sustained.

Error is also assigned in refusing the offer of plaintiff to show by the witness *Hein* that it was no part of his duty to place in order or repair machines about which complaints were made. This evidence was ruled out by the court below on its own motion, for the reason that the witness had been exhausted by direct and cross-examination, and for the further reason that it appeared that the witness was one of the agents who sold the machine to respondent. Aside from the grounds suggested by the court that the offer came too late, it is clear, under the holding that *Hein* was a local selling agent who made the sale, that the testimony was immaterial.

Complaint is made of the instruction wherein the words "with such proper assistance from the defendant as was necessary" were used in lieu of the words of the contract, viz., "the purchaser rendering necessary and friendly assistance," and it is claimed that the expression used is not equivalent to "necessary and friendly assistance." We cannot agree with counsel in this contention, and think the language of the charge was broad enough to cover and include what was intended by the words of the contract and must have been so understood by the jury. "Such proper assistance from the defendant as was necessary" under the subject matter of the contract would seem naturally to include "necessary and friendly assistance," but, aside from this, the court also in the charge in this connection in referring to the warranty used the words of the contract, and the jury were told "this stipulation the defendant was bound by."

Complaint is also made because the court was not more specific in its instructions respecting the provisions of the

contract that the machine must be used according to the printed directions, on the ground that conditions should have been made part of the instructions as explanatory of the meaning of the words in the contract "good work." The court told the jury, "the questions are whether the machine was of good material and well made and did good work with proper management when set up and operated according to the printed directions given with it." This instruction referred to the printed directions and informed the jury that the machine should be operated according to such directions, and we think was sufficient.

It is further argued that the instructions given were faulty in not stating from what period the reasonable time to remedy defects should be computed. But the jury were told that *Hein* came to respondent's place and examined and operated the machine with a view of ascertaining whether the machine was defective or working properly, and in view of this it was not necessary that respondent give any written notice, and there is no dispute in the evidence on this point. It is therefore clear from the evidence and the charge that the reasonableness of the time should be computed from the time mentioned in the charge when *Hein* examined and operated the machine with a view of ascertaining whether it was defective. The real contention of appellant upon this point is that the reasonableness of time should have been limited to a reasonable time after giving written notice. This contention is untenable, since written notice had been waived.

It is contended, further, that error was committed in telling the jury that, if they found the machine did not fulfil the warranty in the respects mentioned, it was proper for them to consider, on the reasonableness of the opportunity or time allowed for remedying the defects, what, if anything, was stated relative to the opportunity or time desired or requested to be given for such purpose at the time *Hein* exam-

ined and operated the machine and took away the bowl first delivered, leaving another in its place. This instruction is criticised on the ground that it authorizes the jury to find that the warranty might be changed or the reasonable time abridged. But this instruction did not by any means authorize the jury to find that the contract could be added to or abridged, but plainly left the jury to consider the effect of the evidence as bearing upon the reasonableness of the time necessary to remedy the defects. The jury, under the whole charge, were instructed upon this point as well as all others to weigh the conflicting evidence and determine the truth as to what under all the circumstances would be a reasonable time.

Several errors are also assigned on the refusal of the court to give specific instructions requested. We do not regard it necessary to review these in detail, since many of them are sufficiently covered by what has been already said; others are clearly inapplicable to the case and should not have been given. So there was no prejudicial error in refusing to give any of the instructions requested.

Error is also assigned because the court refused to set aside the verdict and grant a new trial. This assignment is based upon the errors heretofore discussed and also upon the further ground that the verdict is contrary to the evidence. It is insisted that upon the undisputed evidence on the operation of the machine it appears that it was not operated according to the printed directions. But after a careful examination of the evidence upon this point we think the question was fairly for the jury. The respondent testified that he operated the machine the way it was set up by *Hein* and Klugel and according to the instructions given. So it cannot be said that there is no credible evidence to support the verdict upon this point, and where there is any credible evidence to go to the jury on the question submitted we cannot disturb the finding. This rule is so well estab-

lished in this court that citation of authority is unnecessary. The case was very stubbornly fought on both sides and contested at every point, and the court is of the opinion that there was a fair trial and no reversible error committed, therefore the judgment must be affirmed.

*By the Court.*—The judgment of the court below is affirmed.