.Sparks, Administratrix, Appellant, vs. Wisconsin Central Railway Company, Respondent.

*March 10—April 20, 1909.*

*Railroads: Personal injuries to employees: Negligence: Evidence: Car inspector: Master and servant: Rules governing servants: Fellow-servants: Statutes: Proximate cause: Anticipation of probable consequences: Contributory negligence: Printed case: Costs.*

1. The moving of cars through a railroad yard in which various employees are constantly working upon and about the tracks, without any signal or lookout at the forward end of the moving cars, will support a finding of negligence, in an action for injuries to a servant caused thereby.

2. Negligence in moving cars through a railroad yard without any signal or lookout at the forward end thereof is the negligence of the company if it has prescribed no rule requiring such precautions; or it may be that of fellow-servants if they fail to comply with sufficient and adequate rules.

3. Under sec. 1816, Stats. (1898), it is immaterial whether injuries to a car inspector were caused by failure to prescribe sufficient and adequate rules for the government of railroad employees, or by failure of fellow-servants to comply with the rules prescribed.

4. It is not necessary, to make a negligent act the proximate cause of an injury, that the particular injury should have been anticipated, but only that, in the exercise of reasonable foresight and intelligence, some injury to some person should have been anticipated as within the probabilities.

5. Mere carelessness from which no injury to another can be anticipated is not negligence in the legal signification.

6. The unwarned shunting of cars over tracks, in railroad yards where men are variously employed upon and about tracks upon independent work engrossing their attention, supports an inference of the master's negligence and its causal connection with the servant's injuries.

7. Since railroad employees must necessarily place themselves in dangerous positions in the course of their employment, they are not necessarily negligent in so doing, as acts on their part which are customary and proper would be obvious negligence in others.

.8. Whether or not a car inspector, killed by being struck by a caboose step while, in the discharge of his duties, he was stooping to inspect another train moving in the opposite direction, was

Sparks v. Wis. Cent. R. Co. 139 Wis. 108.

thereby guilty of contributory negligence in placing himself in a position of danger, presented a question for the jury, and hence it was error to direct a verdict for the defendant. MARSHALL, J., dissents.

9. A printed case reproduced apparently from the reporter's minutes, without eliminating unnecessary repetitions or matter wholly immaterial to the questions raised on appeal, violates Supreme Court Rule 6, and, on reversal, costs for its printing are denied.

APPEAL from a judgment of the circuit court for Wood county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

Action for causing death of plaintiff's husband, William Sparks, by negligence. Deceased was a car inspector in defendant's yards at Abbotsford, his duty being, among other things, to make an inspection of the running gear of the cars in trains as they passed into the yards from their trip. To do this it was necessary for him to take a crouching or sitting position a few feet away from the track upon which the train ran, so as to enable him to see the wheels and brakes of a car as it approached him and also to see the numbering of the car in which any defect was discovered. The yard at Abbotsford consisted of about eight nearly parallel tracks running east and west, with a space between tracks of eight feet. These tracks were used for the purposes of breaking and making up freight trains, in the doing of which work cars were moved about on the various tracks, ordinarily at a speed of two or three miles an hour. There was evidence of a rule and custom to have a man in front of any car which was pushed by an engine, either on the ground or on the rear of such car, in order to look out for any person in danger, employees or otherwise. On the day in question deceased assumed the duty of inspecting a train coming from the west on what was called north track No. 2, and placed himself within about a foot of north track No. 1, which was south, he facing north and slightly westward in order to perform his duty. Eastward of him some fifty feet or more stood a ca-

boose on track No. 1 with brakes set, to which still eastward were to be attached the cars making up a train for departure, as deceased knew. This process consisted of collecting cars from other parts of the yard and pushing them back onto the switch and coupling them to this caboose, and did not involve necessity or probability of any moving of the caboose more than a foot or two by reason of impact. While deceased was inspecting his train the switching crew found it necessary to move the caboose backward toward him in order to make more room for cars on track No. 1, and it was pushed westward slowly some hundred feet without any person in position to observe the track in front of it, and without warning. Deceased was so near that track that the steps of the caboose caught his shoulder, threw him over in front of the wheels, and he was killed. A verdict was directed for defendant and judgment entered, from which the plaintiff appeals.

For the appellant there was a brief by *Barton & Kay* and *R. E. Andrews,* and oral argument by *Humphrey Barton.*

For the respondent there was a brief by *Walter D. Corrigan* and *W. A. Hayes,* and oral argument by *Mr. Corrigan.*

DODGE, J. The direction of verdict was predicated upon the conclusion of the trial court that the evidence failed entirely to show negligence of defendant proximately causing the injury and also that contributory negligence on the part of deceased appeared conclusively. Such decision is the error assigned and presented for consideration.

1. The moving of cars through a yard in which various employees are constantly employed upon and about the tracks, without any precaution in the way of signal or lookout at the forward end of the moving cars, is conduct which, under the decisions of this court, will support a finding of negligence. If there is no rule or regulation for such precautions, that may be negligence of the employer. *Promer v. M., L. S. & W. R. Co.* 90 Wis. 215, 63 N. W. 90; *Bain v. N. P. R. Co.*

120 Wis. 412, 98 N. W. 241; *Polaski v. Pittsburgh C. D. Co.* 134 Wis. 259, 114 N. W. 437. If there are sufficient and adequate rules, but failure to comply with them, the negligence may be that of fellow-servants. *Smith v. C., M. & St. P. R. Co.* 91 Wis. 503, 65 N. W. 183; *Portance v. Lehigh Valley C. Co.* 101 Wis. 574, 77 N. W. 875. The distinction is, however, immaterial in the case of railroad operations. Sec. 1816, Stats. (1898). There was in this case evidence tending to prove that regulations requiring lookout were duly prescribed, but that no such, or any, precaution was in fact taken. No person was in position to see whether any employee was in danger or to give him warning of the approaching train or car, and no signal was given. There was evidence, therefore, of negligence for proximate results of which defendant would be responsible. Indeed the trial court apparently did not differ from this view, but based the direction of verdict upon absence of proximate causal relation between defendant's want of care and the deceased's injury, because the former could not have anticipated that the latter would, in performing his duties, have done the particular acts proved against him; in other words, that this particular accident and injury to this particular employee was not within reasonable anticipation. That is not at all essential to proximate causation. It is enough that defendant should, in exercise of reasonable foresight and intelligence, have anticipated as within the probabilities some injury to some person. *Meyer v. Milwaukee E. R. & L. Co.* 116 Wis. 336, 93 N. W. 6; *Schmeckpepper v. C. & N. W. R. Co.* 116 Wis. 592, 595, 93 N. W. 533; *Feldschneider v. C., M. & St. P. R. Co.* 122 Wis. 423, 431, 99 N. W. 1034; *Morey v. Lake Superior T. & T. Co.* 125 Wis. 148, 156, 103 N. W. 271; *Owen v. Portage T. Co.* 126 Wis. 412, 419, 105 N. W. 924. The cited cases declaring the absence of warning or lookout to be legal negligence are predicated upon the view that such probability of injury exists, for mere carelessness from which no injury to another

can be anticipated is not negligence in the legal signification. *Compty v. C. H. Starke D. & D. Co.* 129 Wis. 622, 109 N. W. 650. Apart from such authority, however, we deem an inference entirely justifiable that the unwarned shunting of cars over tracks, in yards where men are variously employed upon and about such tracks upon independent work engrossing their attention, is so fraught with danger of collision with such employees that any reasonable man should anticipate some injury as within the probable results of such practice. We must therefore hold that the question of defendant's negligence and its causal connection with deceased's injury was supported by some evidence.

2. The more doubtful question is that of contributory negligence. Deceased, it is asserted, placed himself in a position of danger. But railroad employees necessarily place themselves in dangerous positions. Acts on their part are customary which would be most obvious negligence in others. *Bain v. N. P. R. Co., supra; Hardt v. C., M. & St. P. R. Co.* 130 Wis. 512, 520, 110 N. W. 427; *Hayes v. C., M. & St. P. R. Co.* 131 Wis. 399, 111 N. W. 471; *Polaski v. Pittsburgh C. D. Co., supra; Bucher v. Wis. Cent. R. Co., post,* p. 597, 120 N. W. 518. Indeed the great majority of injuries to railroad employees occur because they place themselves in positions of danger. They are required to do their work hurriedly and be in places to enable its performance expeditiously and effectively and to rely for their security on the ordinary safeguards and care of others. *Fitzgerald v. International F. T. Co.* 104 Minn. 138, 116 N. W. 475; *Karr v. Milwaukee L., H. & T. Co.* 132 Wis. 662, 113 N. W. 62. Being in close proximity to a track is no worse than being upon a track in order to perform one's duty, as in *Polaski v. Pittsburgh C. D. Co., supra.* There was credible evidence tending to prove that the expeditious and effective performance of the car inspector's work required him to be several feet away from the inspected train, because, if so close that

he could not readily transfer his eye from the running gear to the numbers on the sides of the cars, the effectiveness of his discovery of any defects was greatly diminished. He could not place himself nearer than midway between the two tracks, which would be two and one-half feet from the inspected train. But there was evidence tending to show that the space midway between the two tracks was embarrassed by a ridge of ice. Obviously the strained, crouching position which he must assume demanded a safe foothold, and the jury might well conclude that he necessarily assumed the position close to the south track. Probably the unnecessary placing of him-self close to a railroad track upon which he might expect cars to be moved at any moment without warning, or without ability to effectively warn him, would be negligence *per se,* but there is evidence tending to negative any such expectation. The caboose, stationary upon this track, with brakes set and intended to be the rear end of the train then being made up, was some assurance to him against the likelihood of any movement of cars where he placed himself. There is evidence that under such circumstances the caboose remained substantially stationary and served as an effective buffer to the cars backed against it. Its presence for the known purpose was an assurance also against any use of that track for other switching operations which might imperil deceased. *Bain v. N. P. R. Co., supra.* Evidence also tended to show that if by any contingency the caboose should need be moved far enough to strike deceased, it would be a very slow movement, and one which the presence of a man in front of it would enable effective warning against, and that such presence and warning was usual and, indeed, required by rules. True, there was some testimony tending to prove abrogation of such rules, but it was not undisputed, and the witnesses were so contradicted and self-contradictory that the jury might well have disbelieved their statements on this subject. From all these considerations we cannot persuade ourselves

that the deceased's conduct is conclusively shown to have been so variant from that ordinarily exercised by ordinary careful men under like circumstances that reasonable minds might not differ as to whether it constituted negligence.    We think that question also should have been submitted to the jury.

The printed case on this appeal inexcusably infringes Supreme Court Rule 6, in that there is no attempt to abridge the testimony, which is reproduced apparently from the reporter's minutes in form of question and answer and without eliminating unnecessary repetitions or matter wholly immaterial to the questions raised on the appeal.    Counsel owe the duty of relieving the court from wasteful expenditure of time and labor to at least the extent commanded by this rule.    Unless they do so, they are by Rule 44 denied costs for printing a case or brief which is not in compliance.

*By the Court.*—Judgment reversed, and cause remanded for new trial; no costs for printing case.

MARSHALL, J. (*dissenting*).   In my judgment the deceased was clearly guilty of contributory negligence in unnecessarily locating himself in the pathway of a car that might move to where he was on the track back of him.

At best, whether there was evidence to carry the question of contributory negligence to the jury is involved in doubt, looking, as we have to, at the record alone.    Therefore, by a well known rule the decision of the trial court ought not to be disturbed.

Trial courts are in duty bound to meet such situations, as was met with in this case, frequently.    They have been admonished, over and over again, to do so with judicial courage, and when in their judgment there is no reasonable doubt but that the reasonable inferences are all one way to act firmly, as the law requires, by directing a verdict.    *Finkelston v. C., M. & St. P. R. Co.* 94 Wis. 270, 68 N. W. 1005.

While trial judges should scan a case, carefully, before

taking it from the jury, when satisfied that there is no room in the evidence for reasonable minds to fairly differ as to the truth of the controversy they should do so without hesitation, and vigorous administration in that regard should be promoted by resolving, upon appeal, all reasonable doubts in favor of their decisions instead of viewing the cases from an original standpoint. That is the logic of our decisions. *Powell v. Ashland I. & S. Co.* 98 Wis. 35, 73 N. W. 573; *Lam Yee v. State,* 132 Wis. 527, 112 N. W. 425; *Hein v. Mildebrandt,* 134 Wis. 582, 115 N. W. 121.

The statutory rule referred to has been much dignified in recent years and has become so firmly and so beneficially intrenched in our jurisprudence that it must be assumed that, though it may be possibly overlooked now and then, or there may be reasonable difference as to when it does and when it does not apply, there is no disposition here to abrogate it or to minimize its effect in respect to speedy termination of litigation and the stability of judgments of trial courts.