SCHABOW, Respondent, vs. WISCONSIN TRACTION, LIGHT,
HEAT & POWER COMPANY, Appellant.

*December 11, 1915—January 11, 1916.*

*Negligence: Proximate cause: Anticipation of injury: Instructions to
jury: Harmless error: Contributory negligence: Questions for
jury: Excessive damages: New trial: Newly discovered evidence:
Discretion.*

1. Negligence is the proximate cause of a personal injury which is
the natural and probable result thereof, where an ordinarily
prudent man ought reasonably to have anticipated that some
injury (not necessarily the precise injury) to another person
might probably be caused by the negligent act.
2. In an action for an injury to one who, while delivering goods at
defendant's barn, fell through an open trap door in the floor, the
jury were correctly instructed in accordance with the rule
above stated upon the question whether defendant's negligence

was the proximate cause of the injury, but upon the question of plaintiff's contributory negligence they were told that "negligence is a proximate cause of an injury only when the injury is the natural and probable result of it, and in the light of attending circumstances it ought to have been foreseen by a person exercising ordinary care." *Held*, that the jury must have understood, by the words *the injury* and the word *it* referring back to them, *an* injury and not the precise injury which resulted; hence the error in the wording of the instruction was not material.

3. The leaving open of a trap door in a floor upon which people walk raises in the ordinary mind a reasonable anticipation that some one may fall into it and be injured.

4. The trap door being very near the door of the barn and having been closed when plaintiff went into the barn to get help in carrying a heavy can of soap and also when he came out, but having been opened before, carrying one side of the can, he necessarily backed through the narrow door of the barn and in so doing fell into the open trap, the question of his contributory negligence was for the jury.

5. An award of $1,000 for injury to a man twenty-three years of age, who sustained a rupture in falling through a trap door, was not excessive where the evidence showed a direct financial loss of $264, pain and suffering, and a reasonable certainty of suffering and disability in the future.

6. It was not an abuse of discretion to deny a motion for a new trial on the ground of newly discovered evidence, where such evidence was merely cumulative and not very persuasive.

Appeal from a judgment of the municipal court of Outagamie county: ALBERT M. SPENCER, Judge. *Affirmed.*

Action for damages for personal injury. Plaintiff, *Herbert Schabow,* was injured April 7, 1914, by falling through a trap door in defendant's car barn while assisting in delivering a can of soft soap weighing 100 pounds. Upon arriving at the barn he tied his team and entered to get help. Both on entering and leaving he passed over the trap door, which was then closed. Though he had made deliveries there for about a year past he claimed he had never seen it open. The trap door consisted of an iron plate hinged flush to the cement floor, and it covered a stairway leading to the basement. The stairs led down from the end nearest the outside door of the

barn. The latter was a sliding door with a narrow swinging door set in it. The trap door was directly opposite to and at a distance of forty-one inches from the small swinging door. Plaintiff and one of defendant's employees, John Steger, carried the can of soap by the handles, walking side by side till the door was reached. Plaintiff then swung backwards and opened the door with his right hand, backed through and beyond it, and fell down the open stairway, the trap door having been opened by an employee of defendant while plaintiff and Steger were out to get the soap. The jury found negligence on the part of the defendant; that it was the proximate cause of the injury; that plaintiff was free from contributory negligence; and damages $1,000. From a judgment in favor of plaintiff entered upon the verdict the defendant appealed.

*Lawrence A. Olwell,* for the appellant.

For the respondent there was a brief by *Martin, Martin & Martin,* and oral argument by *P. H. Martin.*

VINJE, J. Error is assigned upon this instruction of the court given relative to the question of contributory negligence:

"Negligence is a proximate cause of an injury only when the injury is the natural and probable result of it, and in the light of attending circumstances it ought to have been foreseen by a person exercising ordinary care."

It is argued that this instruction required an anticipation of the *precise injury* that did in fact result, and that under the rule laid down in *Meyer v. Milwaukee E. R. & L. Co.* 116 Wis. 336, 93 N. W. 6; *Schmeckpepper v. C. & N. W. R. Co.* 116 Wis. 592, 93 N. W. 533; *Feldschneider v. C., M. & St. P. R. Co.* 122 Wis. 423, 99 N. W. 1034; *Morey v. Lake Superior T. & T. Co.* 125 Wis. 148, 103 N. W. 271; *Owen v. Portage T. Co.* 126 Wis. 412, 105 N. W. 924; *Sparks v. Wis. Cent. R. Co.* 139 Wis. 108, 120 N. W. 858; *Coel v. Green Bay T. Co.* 147 Wis. 229, 133 N. W. 23; *Dodge v. Kaufman,*

152 Wis. 171, 139 N. W. 741; and *Luebben v. Wis. T., L., H. & P. Co.* 154 Wis. 378, 141 N. W. 214, it is only necessary that an injury or some injury to a person may reasonably be anticipated from the negligent act. The correctness of the rule stated in the cases cited is not open to question. And its correct statement in a case where claim is properly made that the resulting injury, either in the manner in which it is inflicted or the result thereof, could not be reasonably anticipated is essential to a correct submission of the question to the jury. But in the instant case no one can question the fact that an open trap door in a floor upon which people walk raises in the ordinary mind a reasonable anticipation that some one may fall into it, and that a person falling into it and down stairs may sustain a rupture, which was the serious injury to plaintiff. In its instruction under the question of whether defendant's negligence was the proximate cause of plaintiff's injury the correct language was used and they were told that the requirements of reasonable anticipation were met when a person of ordinary intelligence and prudence ought reasonably to foresee that a personal injury to another may probably follow the negligent act. In view of that instruction we must conclude that the jury understood, by the words *the injury* and the word *it* referring back to them, *an* injury and not the precise injury which resulted. Similar language was so construed in *Coolidge v. Hallauer,* 126 Wis. 244, 105 N. W. 568, where the words *such* injury were held to mean an injury or some similar injury and not the precise injury to which the word *such* grammatically related.

We fail to see why plaintiff's contributory negligence was not a jury question. Assume even that plaintiff was aware of the existence of the trap door. It is undisputed that it was closed when he first went in and when he came out, and that it was opened during the short time that he and the other employee were outside to get the soap. In coming

through the narrow swing door it was necessary for him to back in, as they could not go side by side. The open trap door was only forty-one inches back of the swing door. Surely it cannot be held as a matter of law that he was guilty of negligence in backing into it. The case of *Lehman v. Amsterdam C. Co.* 146 Wis. 213, 131 N. W. 362, is a much stronger one showing contributory negligence and yet it was held the question was for the jury.

Plaintiff, a young man twenty-three years of age, sustained a rupture as a result of falling through the trap door April 7, 1914. Two weeks thereafter he was operated upon. He remained in the hospital from ten to fourteen days, and was unable to work for four months. His earnings were $9 per week; his hospital bill $20, and the doctor's services for the operation were worth $100, all resulting in a financial loss of $264. At the time of the trial in May, 1915, he still felt a soreness and weakness about the wound, and when he lifted hard or did very heavy manual labor he felt pain there in addition to the weakness and soreness. The results of the operation were pronounced good by both doctors who testified. It was entirely problematical whether or not there would be a recurrence of the rupture. But he would not for some time to come, if ever, be as immune from rupture under strain as he had been before. The court instructed the jury that they might assess damages "for such pain, suffering, and disability as you are reasonably certain that he will suffer in the future as a result of the injury." The evidence furnished a sufficient basis for the instruction, not on the ground that it showed a reasonable certainty of a recurrence of the rupture, but because it did show that by reason of his injury he was reasonably certain to sustain suffering and disability in future. The jury by assessing only $1,000 damages in a case of actual financial loss of nearly one third of that amount, not to speak of some compensation for pain and suffering endured up to the time of the trial, seems to have exercised a

well balanced judgment in the assessment of damages for future pain and disability.

Defendant asked for a new trial on the ground of newly discovered evidence to the effect that plaintiff had previous to the accident been down-stairs and knew of the trap door. The motion was denied. There was evidence on the trial to the effect that he knew of the existence of the trap door. The newly discovered evidence would therefore be merely cumulative, and, for reasons given in discussing plaintiff's contributory negligence, not very persuasive. It is not probable that a different result would be reached by a jury because of the newly discovered evidence. For these reasons we cannot disturb the discretion exercised in denying the motion for a new trial.

*By the Court.*—Judgment affirmed.