KLEEMAN, Respondent, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*January 13—April 7, 1925.*

*Master and servant: Injury to employee: Foreman throwing stone at snake: Negligence: Scope of employment.*

1. A section foreman of a gang moving steel rails threw a stone at a snake which was discovered on a rail. Nine men were grouped about the rail, and the stone, which was thrown with great force, shattered and injured plaintiff's eye. *Held,* that the jury might reasonably come to the conclusion that it was a negligent act to throw the stone under the circumstances. p. 484.

2. Such throwing of the stone was within the scope of the employment of the foreman, his purpose being to get rid of the snake so the rail could be moved. p. 484.

APPEAL from a judgment of the circuit court for Shawano county: EDGAR V. WERNER, Circuit Judge. *Affirmed.*

Plaintiff was one of a crew of ten men engaged in moving steel rails deposited by the side of the railroad track. The rails were about thirty-three feet in length and plaintiff was stationed at one end. With him were three other men. Four of the men were at the other end of the rail and two were in the center. The section foreman was one of the

men at the center of the rail.   They moved the rail by the use of tongs.   Just as they were about to turn one rail over preparatory to adjusting their tongs the section foreman saw a pine snake about two feet long coiled up on the flange or near the rail in such a position that its head was about on a level with the top of the rail.   Immediately he sprang back a few feet, picked up a stone, and exclaimed "Look out! A snake," or "A snake," or "Look out."   The testimony was in conflict as to what words were used.   He threw the stone with great force and it struck the head of the snake, threw it against the rail; the stone split, and a piece flew to one end of the rail where plaintiff was standing in a stooping position about to adjust his tongs, and it struck his eye and destroyed it.   To recover damages for this injury the action was brought.   The jury found that the section foreman who threw the stone failed to exercise ordinary care; that such failure was the proximate cause of plaintiff's injury; that at the time the foreman was acting within the scope of his employment; that he did not have reasonable grounds to apprehend that he was in imminent danger of receiving some bodily injury by an attack on him by the snake; and that plaintiff was damaged in the sum of $3,750.   From a judgment in favor of the plaintiff the defendant appealed.

*Samuel H. Cady* of Chicago, for the appellant.

For the respondent there was a brief by *Winter & Winter* of Shawano, and oral argument by *P. J. Winter*.

The following opinion was filed February 10, 1925:

VINJE, C. J.   The appeal raises two questions: (1) May a jury reasonably come to the conclusion that it was a negligent act to throw the stone under the circumstances? and (2) Was the act of throwing the stone within the scope of the foreman's employment?

It is urged by the appellant that the act of throwing stones is so usual, customary, and, under the circumstances exist-

ing, so instinctive that no negligence can be predicated upon it. While there is ordinarily much force in this contention we do not feel that it is of sufficient weight to authorize us to set aside the verdict. When it is borne in mind that the ball of the rail at which the stone was thrown was smooth, hard, and somewhat rounded, it may reasonably be anticipated that upon striking the rail the stone may glance in almost any direction or it may shatter and the pieces fly in any direction. With nine men standing within the distance that the stone might glance or the pieces fly, men may reasonably reach the conclusion that an injury to another may follow the foreman's act. This stone was evidently thrown with great force, struck the snake's head, and at the same time struck the ball of the rail, and a splinter from the stone flew about sixteen feet to one side and hit plaintiff in the eye—a result not beyond the field of reasonable anticipation. The precise injury need not be anticipated. *Sparks v. Wis. Cent. R. Co.* 139 Wis. 108, 120 N. W. 858; *Schabow v. Wis. T., L., H. & P. Co.* 162 Wis. 175 (155 N. W. 951), and cases cited on pages 177, 178. It is sufficient that it may reasonably be anticipated that injury to another may follow the act. We cannot say that the conclusion reached by the jury is so unreasonable that it must be set aside.

That the act was done within the scope of the employment is quite obvious. It is claimed by appellant that the foreman was not hired to kill snakes. That is true. But he was hired to assist in moving rails, and when he saw the snake in the place and condition it was, it became at least desirable if not necessary to remove it before lifting the rail. That he did not take the most safe or best way of removing it does not make the act one done without the scope of the employment. The purpose of the act determines that, and here the purpose was to aid or facilitate the work of the master, to get rid of the snake so the rail could be safely moved.

*By the Court.*—Judgment affirmed.

The appellant moved for a rehearing.

In support of the motion there was a brief by *Samuel H. Cady,* attorney, and *R. N. Van Doren,* of counsel, both of Chicago.

In opposition thereto there was a brief by *Winter & Winter* of Shawano.

The motion was denied, with $25 costs, on April 7, 1925.